808 P.2d 1226

**James AYRES and Michael Pirtle, Cross Appellants,**

v.

**RED CLOUD MILLS, LTD., an Arizona limited partnership; Red Cloud Mining & Milling Corporation; Yuma Metals, Inc., an Arizona corporation; John Does 1–10; Jane Does 1–10; ABC Corporation, XYZ Partnership, Cross Appellees,**

**Lila McCall, Intervenor, Cross Appellee.**

**No. 1 CA–CV 8956.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 27, 1990.

Review Denied May 7, 1991.

Engler, Engler, Weil & Nelson by John A. Weil, Yuma, for cross appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Redfield T. Baum, Phoenix, for intervenor appearing for cross appellees.

## OPINION

TAYLOR, Judge.

This appeal primarily concerns whether a miner's lien under A.R.S. § 33–989 can include treble damages for unpaid wages pursuant to A.R.S. § 23–355. Other issues raised include the validity of the judgment in light of the various defendants' bankruptcies, whether an intervenor on appeal has standing to defend the appeal, and whether the trial court abused its discretion by refusing to award the cross-appellants their attorney's fees. For the reasons explained below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts must be viewed most favorably to upholding the judgment. *McFarlin v. Hall*, 127 Ariz. 220, 224, 619 P.2d 729, 733 (1980). The Red Cloud Mine ("Mine") is a silver mine located near Yuma, Arizona, that was acquired by Donald L. McDaniel in the early 1950's. The Mine occupies a mining claim and a mill site claim, both patented real property. In June, 1975, McDaniel incorporated Yuma Metals, Inc. (Yuma Metals), to which he transferred

title to the Mine. McDaniel was the president and sole shareholder of Yuma Metals.

In September, 1979, McDaniel incorporated Red Cloud Mining & Milling Corporation (Red Cloud Mining). Again, he was the president and sole shareholder. In 1981, Yuma Metals leased the Mine to Red Cloud Mining, which constructed milling and processing equipment at the Mine.

In July, 1982, Red Cloud Mills, Ltd. (Red Cloud Limited), a limited partnership, was created.[1] Red Cloud Mining was the general partner and Lila McCall (McCall) one of several limited partners. Red Cloud Mining subleased the Mine to Red Cloud Limited to operate it, and the Mine went into production in February, 1983.

James Ayres (now deceased) was hired to work at the Mine that same month. Michael Pirtle was hired in August of that year. Both Ayres and Pirtle ("plaintiffs") worked the Mine until it was closed approximately July 1, 1984.

On July 13, 1984, plaintiffs filed suit in Yuma County Superior Court seeking in excess of $16,000 in unpaid wages, as well as treble damages pursuant to A.R.S. § 23–355 and attorney's fees. Named as defendants in the complaint were Yuma Metals, Red Cloud Mining and Red Cloud Limited. On August 17, 1984, plaintiffs recorded a Notice of Claim of Lien against the Mine under A.R.S. § 33–989. The notice claimed a miner's lien in the amount of the unpaid wages. Defendants filed an answer denying every allegation in the complaint and also filed a counterclaim seeking damages of $30,000 on the premise that plaintiffs "converted, absconded and embezzled" certain Mine assets. Plaintiffs denied the counterclaim.

Trial to the court was held on May 8, 1985. The court found for plaintiffs on their complaint and against defendants on their counterclaim. The trial court entered an order on July 30, 1985, finding plaintiffs entitled to their claimed unpaid wages from sublessee Red Cloud Limited, and that they were also entitled to treble damages plus costs against Red Cloud Limited and its general partner, lessee Red Cloud Mining.[2] Plaintiffs' request for attorney's fees was later denied without explanation. The final judgment, entered on April 21, 1986, expressly limited the amount of plaintiffs' miner's lien against the Mine to their unpaid wages, excluding the treble damages. Defendants timely appealed and plaintiffs filed a timely cross-appeal shortly thereafter.

Red Cloud Limited had been placed in involuntary bankruptcy proceedings on November 2, 1983, more than three months after this lawsuit was filed. Red Cloud Mining filed a voluntary bankruptcy petition on March 11, 1986, after the trial but shortly before final judgment was entered. Yuma Metals filed for voluntary bankruptcy on June 23, 1986, after judgment was entered and the notices of appeal were filed.

As a result of Yuma Metals' bankruptcy filing, this appeal was stayed from August, 1986 to May, 1988. The appeal was reinstated upon the receipt in this court of a United States Bankruptcy Court order allowing plaintiffs to prosecute this appeal and cross-appeal to a final conclusion.

---

1. Yuma Metals, Red Cloud Mining and Red Cloud Limited will be referred to collectively, where appropriate, as "defendants".

2. The record is not entirely clear as to the respective roles accorded Red Cloud Limited and Red Cloud Mining as plaintiffs' employer. The trial court apparently treated Red Cloud Limited as the actual employer, and Red Cloud Mining as the liable general partner of the employer entity. We note that by statute "a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners." A.R.S. § 29–324(B). Such liability in a "partnership without limited partners" is defined in part under A.R.S. § 29–213 as follows:

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Defendants subsequently moved to dismiss their appeal, and on August 25, 1988, this court dismissed the direct appeal. Plaintiffs then filed their opening brief for the cross-appeal. After the time expired for defendant cross-appellees to file their answering brief, McCall petitioned this court to intervene and appear on their behalf on the grounds that she was a creditor and major limited partner in sublessee Red Cloud Limited, that she and others had invested several million dollars in the Mine, and that defendants apparently did not intend to defend the cross-appeal. She argued that plaintiffs could conceivably expand the amount of their lien against the Mine by default of defendants.

The request to intervene was strenuously opposed by plaintiffs. That issue was heard by another department of this court, which on January 31, 1989, issued an order granting McCall's motion to intervene.

### ISSUES ON APPEAL

Plaintiffs raise the following issues on appeal:

(1) Whether their lien against the Red Cloud Mine should include the treble damages awarded pursuant to A.R.S. § 23–355;

(2) Whether the trial court abused its discretion when it refused to award plaintiffs their attorney's fees, and whether an award of attorney's fees should be included in the lien; and,

(3) Whether this court erred in allowing McCall to intervene and whether she has standing to defend this appeal.[3]

In addition to responding to the first two issues, McCall argues that the judgment is void because of Red Cloud Limited's bankruptcy, and that lessor Yuma Metals is not liable for the acts of sublessee Red Cloud Limited, the entity which actually hired plaintiffs.

### INTERVENTION AND STANDING

We first address plaintiffs' argument that McCall should not have been permitted to intervene and that she does not have standing to defend this appeal.

■ The propriety of intervention under the facts and circumstances of this case was raised and argued by the parties when the motion to intervene was considered by another department of this court. That department resolved the issue on its merits when it issued an order granting the motion. We decline to reconsider that decision.

■ Plaintiffs also assert that McCall lacks standing to defend this appeal because she was not a party to the action in the trial court, and although she may be affected by an appellate decision in plaintiffs' favor, she will not be *directly* affected. This court has previously explained that standing "focuses on the parties and requires that each party possess an interest in the outcome of the litigation." *Chambers v. United Farm Workers Organizing Com.*, 25 Ariz.App. 104, 106, 541 P.2d 567, 569 (App.1975). Applying that standard to this case, we conclude that McCall, as a judgment creditor of defendants, does possess an interest in the outcome of this litigation. Her rights as a creditor to the sole asset of substance, the Mine itself, will be adversely affected if plaintiffs increase the amount of their lien threefold, plus attorney's fees, as they seek on appeal. An increase of this magnitude will significantly lessen the amount of assets potentially available to other creditors such as McCall. We therefore conclude that McCall, having been previously granted the status of party to this appeal, would be substantially aggrieved if plaintiffs prevail in their arguments, and thus she has standing to defend.

### BANKRUPTCY ISSUES

■ McCall asserts this appeal is improper because all trial court proceedings were subject to the automatic stay imposed when sublessee Red Cloud Limited entered Chapter 11 bankruptcy proceedings after the commencement of this case. *See gen-*

---

**3.** The third issue is raised in plaintiffs' reply brief, after this court granted McCall's motion to intervene and allowed her to file an answering brief.

*erally* 11 U.S.C. § 362(a)(1). All proceedings in the trial court, she concludes, are therefore void. According to McCall, because only the sublessee had the right to operate the Mine and hire employees such as plaintiffs, any relief as to plaintiffs' lien rights should have been pursued in bankruptcy court. She suggests that the right to operate the Mine is an essential element of miner's lien liability under A.R.S. § 33–989.

Plaintiffs do not respond directly to this argument. Instead, they simply state that they obtained relief from the automatic stay in Yuma Metals' bankruptcy in order to allow this appeal to proceed. They do assert that the parties initially agreed that relief would be sought only against lessee Red Cloud Mining and lessor Yuma Metals, in light of the sublessee's bankruptcy. When Red Cloud Mining filed for bankruptcy before formal judgment was entered, the parties then agreed that judgment would be entered only against Yuma Metals. Yuma Metals filed for bankruptcy after final judgment was entered and the various notices of appeal filed.

When the trial court found for plaintiffs on their complaint after trial on May 8, 1985, it expressly declined at that time to find "as from whom the plaintiffs may recover." At that point, only sublessee Red Cloud Limited was in bankruptcy. The trial court entered findings on July 30, 1985, against lessee Red Cloud Mining only and ordered judgment to follow for treble damages plus costs in favor of plaintiffs. Red Cloud Mining then filed for bankruptcy. The final judgment entered on April 21, 1986, took both bankruptcies into consideration. The court's order set forth the amount of wages found to be owing and found that plaintiffs were entitled to treble damages against Red Cloud Limited and Red Cloud Mining and further found that matters as to those defendants were stayed in the bankruptcy court. The court found perfected liens for the amount of wages and interest. Finding no reason to delay entry of judgment against Yuma Metals, the court concluded its order as follows:

4. The liens of the Plaintiffs Gary Ayres, as Personal Representative of the Estate of James Ayres, deceased, and Michael Pirtle are hereby foreclosed *as to the Defendant Yuma Metals, Inc., an Arizona corporation*, and the Court does hereby foreclose all right, title, claim or interest *of said Defendant* in said property. [Emphasis added.]

It is clear from the court's order that it was cognizant of the Red Cloud Limited and Red Cloud Mining bankruptcies and the automatic stay on proceedings against them. Judgment was entered only against lessor Yuma Metals and the lien foreclosed, along with predicate findings of Red Cloud Limited's and Red Cloud Mining's liability for treble damages to plaintiffs. As plaintiffs point out, the bankruptcy of a lessee, or in this case, a lessee and sublessee, should not preclude enforcing a party's lien rights against the owner-lessor.

The judgment, although premised on findings against Red Cloud Limited and Red Cloud Mining, is limited to lessor Yuma Metals, the owner of the Mine against which plaintiffs held valid lien rights. We do not perceive how entry of judgment against Yuma Metals violated the automatic stay provision in effect as to Red Cloud Limited and Red Cloud Mining. *See Great Southwest Fire Ins. v. Triple "I" Ins.*, 151 Ariz. 283, 727 P.2d 336 (1986).

We find this appeal is proper as to Yuma Metals, since it filed for bankruptcy only after judgment was entered. Because they are separate entities, the prior bankruptcy proceedings of Red Cloud Mining and Red Cloud Limited are immaterial.

We now turn to the substantive issues raised on appeal.

## YUMA METALS' LIABILITY

McCall contends that since the miner's lien for unpaid wages attaches only to the Mine premises for labor performed for the benefit of the lessee, and Yuma Metals was neither the Mine operator nor employer of plaintiffs, the judgment therefore created no personal liability for Yuma Metals. The force of this argument is clearly to narrow the rights of plaintiffs arising under the judgment. In the present posture of this

case, we find this claim is improperly raised as a cross-issue.

█ This court has declared that absent a timely cross-appeal, it lacks subject matter jurisdiction to consider any cross-issue raised in an answering brief that will result in an enlargement of appellees' rights or a lessening of appellants' rights on appeal. *Bowman v. Board of Regents,* 162 Ariz. 551, 559, 785 P.2d 71, 79 (App.1989). When the direct appeal in this case was voluntarily dismissed, Yuma Metals remained a party to the proceedings only as a cross-appellee. In this situation, we hold Yuma Metals subject to the *Bowman* constraints limiting the kind of cross-issue that an appellee can raise on direct appeal. Therefore we do not consider this cross-issue insofar as McCall seeks to limit the effect of the judgment in order to lessen the rights of plaintiffs on appeal.

█ The miner's lien statute expressly provides for a lien against a mine for unpaid wages resulting from a contract for labor entered into by an operating lessee of the mine. A.R.S. § 33–989(B)(2).[4] *See Eaman v. Bashford & Burmister,* 4 Ariz. 199, 202, 37 P. 24, 25 (1894) (construing a predecessory statute to this effect). Since a statutory lien necessarily encumbers the charged real property as security for payment of the unpaid amount owed, the Mine property of Yuma Metals is liable to plaintiffs to the extent of the foreclosure judgment.

### TREBLE DAMAGES

█ The trial court found that plaintiffs were each entitled to treble damages from Red Cloud Limited and Red Cloud Mining pursuant to A.R.S. § 23–355. That statute provides:

If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages.

However, the trial court declined to raise the amount of plaintiffs' miner's lien for unpaid wages to include the treble damages penalty. Because federal bankruptcy proceedings precluded judgment against Red Cloud Limited and Red Cloud Mining, plaintiffs are prevented from collecting more than the unpaid wages recoverable through their lien.

Plaintiffs argue that the trial court erred by refusing to increase the amount of their lien to include the treble damages. Specifically, they claim it minimizes the impact and intent of the treble damages penalty in A.R.S. § 23–355, which was enacted to ensure the prompt payment of wages and penalize employers who fail to pay wages owed, except when not paid because of a good-faith dispute. Because the treble damages statute and the miner's lien statute are both intended to ensure the payment of wages, plaintiffs contend they should be read *in pari materia.*

McCall argues in response that the statutes serve two entirely different purposes, and therefore should be construed independently. She contends that the amount of the miner's lien is limited to "unpaid

---

**4.** The relevant portions of A.R.S. § 33–989 read as follows:

A. A person who labors or furnishes materials or merchandise of any kind, designed for or used in or upon a mine or mining claim, and to whom any amount is due for labor, material or merchandise, shall have a lien upon the mine or mining claim for the unpaid amounts.

B. The lien provided for in subsection A shall attach when the labor was performed or the material or merchandise furnished:

2. Under a contract between the person performing the labor or furnishing the material or merchandise and the lessee of the mine or mining claim, or his contractor, where the lease from the owner to the lessee permits the lessee to develop or work the mine or mining claim.

. . . . .

A companion statute provides that a miner's lien attaches to the whole mining claim "and to the group of which the claim upon which the work is done is a part if the group is operated as one property." A.R.S. § 33–991(C).

Another companion statute creates a procedure for a mine owner to avoid liability and the miner's lien where the mine is operated by a lessee. A.R.S. § 33–990. However, Yuma Metals does not claim this statutory exemption.

amounts" due for labor, *see* A.R.S. § 33–989(A), and that this necessarily limits the amount of the lien to the actual unpaid wages. She also suggests that the two statutes provide mutually exclusive remedies. In other words, a plaintiff who asserts a miner's lien under A.R.S. § 33–989 is not entitled to treble damages pursuant to A.R.S. § 23–355.

This court has stated that the treble damages penalty under A.R.S. § 23–355 is "directed against *employers* who seek to delay payment of wages without reasonable justification or who seek to defraud employees of wages earned." *Apache East, Inc. v. Wiegand,* 119 Ariz. 308, 312, 580 P.2d 769, 773 (App.1978) (emphasis added); *see also Patton v. Mohave County,* 154 Ariz. 168, 741 P.2d 301 (App.1987). The trial court has discretion whether to impose this penalty, which is "intended to punish the *employer* who forces the employee to resort to the courts in an unreasonable or bad faith wage dispute." *Apache East,* 119 Ariz. at 312–13, 580 P.2d at 773–74 (emphasis added).

On the other hand, the miner's lien statute declares that a "person who labors ... in or upon a mine or mining claim, and to whom *any amount is due for labor* ... shall have a lien upon the mine or mining claim *for the unpaid amounts.*" A.R.S. § 33–989(A). (Emphasis added.) Arizona lien statutes are remedial in nature and are to be liberally construed. *Kerr–McGee Oil Industries, Inc. v. McCray,* 89 Ariz. 307, 311, 361 P.2d 734, 736 (1961); *Eaman,* 4 Ariz. at 201, 37 P. at 25.

Whereas the treble damages penalty statute is specifically directed as a punitive measure against employers who fail to pay wages, the miner's lien law is directed against the mine where the labor was performed in order to secure payment of actual wages due. These two targets are not necessarily identical, as illustrated by this case. Plaintiffs' employer was apparently Red Cloud Limited, the operator sublessee of the Mine, with lessee Red Cloud Mining as a liable general partner. Although Yuma Metals held title to the Mine, it did not hire plaintiffs. Because it was not their employer, Yuma Metals was not subject to treble damages under A.R.S. § 23–355.

Thus, although both statutes are intended to ensure prompt payment of wages, they operate independently of each other. We find nothing in the statutes or their application to suggest that·they offer mutually exclusive remedies. The result in this case prevents plaintiffs from collecting at this time the treble damages to which the trial court found them entitled, because the bankruptcies of Red Cloud Limited and Red Cloud Mining precluded the entry of judgment against them. Even without those bankruptcies, however, the miner's lien would remain limited to the amount of the unpaid wages.

Plaintiffs assert there is no basis for treating Yuma Metals differently from the other entities. However, we find a sufficient basis in that Yuma Metals was not plaintiffs' employer, as opposed to one or both of the other entities. We conclude the trial court properly refused to increase the amount of the lien to include treble damages.

## ATTORNEY'S FEES

Plaintiffs next argue that the trial court abused its discretion by refusing to award them attorney's fees as the prevailing party. Plaintiffs' complaint asserted a claim for attorney's fees against all defendants. On appeal they urge their claim under A.R.S. § 12–341.01(A),[5] premised upon an employment contract.[6]

---

**5.** A.R.S. § 12–341.01(A) states in full:
In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

**6.** Plaintiffs also claim in their opening brief that they were entitled to attorney's fees under A.R.S. § 12–341.01(C). However, since they failed to assert this ground in trial court, we do not consider it on appeal. *Continental Bank v. Wa–Ho Truck Brokerage,* 122 Ariz. 414, 418, 595 P.2d 206, 208 (App.1979).

In order to prevail under A.R.S. § 12–341.01(A), plaintiffs must establish a contractual relationship with Yuma Metals. Plaintiffs, however, reached the assets of Yuma Metals via a statutory lien claim and not by way of contract.

The trial court found that plaintiffs were employed by Red Cloud Limited and that Red Cloud Mining was a liable general partner. Because of bankruptcy proceedings involving these two entities, the only judgment entered by the court was a statutory lien foreclosure against Yuma Metals, a non-operating owner. The predicate finding of a breach of employment contract by Red Cloud Limited and Red Cloud Mining was necessary to support the lien foreclosure proceedings. The latter remedy, however, "... stands apart from the contract remedy. It exists against those who are foreign to the contract." *Cashway Concrete v. Sanner Contracting*, 158 Ariz. 81, 83, 761 P.2d 155, 157 (App.1988). No employment contract between plaintiffs and Yuma Metals was established. In the absence of a contractual relationship, A.R.S. § 12–341.01(A) does not apply. Plaintiffs have failed to establish any other theory to support this claim for attorney's fees against Yuma Metals.

■ Even if we were to find a contractual relationship between plaintiffs and Yuma Metals, we cannot say the denial of attorney's fees was error. The statutory language is permissive, leaving the award of attorney's fees to the court's discretion. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985); *Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 14, 676 P.2d 642, 648 (App.1983). While the successful party to a contract action is generally entitled to attorney's fees under ordinary circumstances, *Sirignano*, 139 Ariz. at 14, 676 P.2d at 648, there is no presumption that a successful party is entitled to them, *Associated Indem.*, 143 Ariz. at 569, 694 P.2d at 1183, and this court will not substitute its discretion for that of the trial court if a reasonable basis in the record supports the trial court's determination. *Id.* at 570–71, 694

P.2d at 1184–85; *Sirignano*, 139 Ariz. at 14, 676 P.2d at 648.

Although plaintiffs were successful in their primary claim, they were not successful in their attempt to expand their lien to include the treble damages award. The case had to be reopened to permit plaintiffs to submit additional testimony on the filing of the notice of claim of lien, which could have been accomplished at trial. In short, if A.R.S. § 12–341.01(A) applies, there are reasons which would have supported an award of attorney's fees in this case. However, we cannot say the trial court abused its discretion by denying them. Contrary to plaintiffs' suggestion that the burden is on Yuma Metals to support the trial court's decision not to award attorney's fees, the burden is on plaintiffs to show the trial court abused its discretion.

## CONCLUSION

McCall, by prior order of this court, was permitted to intervene. The court properly entered judgment foreclosing the lien against Yuma Metals. The trial court properly refused to expand plaintiffs' lien pursuant to A.R.S. § 33–989 to include the treble damages penalty. Finally, the trial court did not abuse its discretion in denying plaintiffs' request for attorney's fees.

Both parties' requests for attorney's fees on appeal are denied.

Affirmed.

BROOKS, P.J., and FIDEL, J., concur.