950 P.2d 171

**Paul J. CRUM, Plaintiff-Appellee,**

·v.

**MARICOPA COUNTY, a body politic, Defendant-Appellant.**

**No. 1 CA-CV 97-0283.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 18, 1997.

Yen & Pilch, P.L.C. by Robert E. Yen and Edmundo P. Robaina, Phoenix, for Plaintiff–Appellee.

Bryan Cave LLP by John Alan Doran and Sandra K. Sanders, Phoenix, for Defendant–Appellant.

## OPINION

FIDEL, Presiding Judge.

Under Arizona law, an employer must pay a discharged employee wages due within three working days of discharge; if the employer fails to do so, the employee may recover treble the unpaid wages in a civil suit. *See* ARIZ.REV.STAT. ANN. ("A.R.S.") § 23–355 (1995). In this matter an employer inadvertently neglected to pay a discharged employee a portion of his wages. When informed of the oversight, the employer immediately sent the unpaid balance, which the employee received three working days later than they were statutorily obliged to be paid. The employee sued, and, on cross-motions for summary judgment, the trial court entered summary judgment for the employee, ruling that treble damages are mandatory under such circumstances. We reverse and remand for entry of summary judgment for the employer. We hold that treble damages under § 23–355 are discretionary, not mandatory, and that an award of treble damages would be an abuse of discretion under the circumstances of this case.

## · I. BACKGROUND

On September 27, 1994, Maricopa County terminated Paul Crum's employment as a deputy county attorney. Upon Crum's discharge, the county finance department prepared one check for his final salary and another for his accrued vacation and sick leave. The county paid Crum his final salary paycheck on September 29, 1994, but, due to personnel changes and vacations within the finance department, inadvertently neglected to give him the paycheck for accrued vacation and sick leave.

On Friday, September 30, 1994, Crum inquired about the missing paycheck by sending the county a demand letter from his attorney threatening to sue for treble damages if the county did not issue the check by the end of the day. Crum did not hand-deliver the letter, however; instead, he sent it by regular mail, and the county did not receive it until late afternoon on Monday, October 3, 1994.

Upon receiving Crum's letter, Dwight Ochocki, Director of Administration for the Maricopa County Attorney, investigated and located the misplaced check. He contacted Crum's attorney at 9:00 a.m. on Tuesday, October 4, to inquire how the check should be delivered. Crum's attorney instructed Ochocki to mail the check directly to Crum, which Ochocki did that same day. Crum received the check the next day, October 5, 1994.

Crum subsequently filed this lawsuit against the county demanding treble damages under A.R.S. § 23–355 because a portion of his pay was mailed five business days after his discharge and not delivered, as statutorily required, within three.[1] Upon cross-motions for summary judgment, the trial court ruled for Crum, holding:

> where there is no dispute as to the amount of the wages due, a failure to meet the terms of the statute *requires* the Court to award the triple damages provided.

(emphasis added). The court entered judgment for Crum in the amount of $11,284.82 and awarded him prejudgment interest and attorneys' fees. The county's timely appeal presents these issues:

> 1. Did the trial court err in concluding that treble damages are required under A.R.S. § 23–355?
>
> 2. If treble damages are not mandatory but discretionary under the statute, would the trial court abuse its discretion in awarding such damages to Crum?[2]

Because the material facts are undisputed, we resolve these issues by determining the application of the pertinent statutes to the facts. Statutory interpretation presents a question of law for our *de novo* review. *Sanborn v. Brooker & Wake Property Mgt.*, 178 Ariz. 425, 427, 874 P.2d 982, 984 (App.1994).

## II. STATUTORY DISCRETION TO DENY TREBLE DAMAGES

Arizona Revised Statutes Annotated § 23–353(A) states:

> When an employee is discharged from the service of an employer, he shall be paid wages due him within three working days or the end of the next regular pay period, whichever is sooner.

Arizona Revised Statutes Annotated § 23–355 provides employees with a means of recovery when their employers violate § 23–353(A). Section 23–355 states:

> If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee *may recover* in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages.

A.R.S. § 23–355 (emphasis added).

■ Crum argues, and the trial court found, that treble damages are "required" by § 23–355 under the circumstances of this case. We disagree. The first impediment to such a construction is the plainly permissive language of the statute, which says "may recover," not "shall recover."

Crum points out that the courts have sometimes interpreted "may" in other statutes as if it were directive, not permissive. *See Lisa v. Strom*, 183 Ariz. 415, 421, 904 P.2d 1239, 1245 (App.1995) (interpreting the "may recover" language of A.R.S. § 33–1321(C) as requiring an award of treble damages to a tenant whose security deposit was wrongfully withheld).

Since 1978, however, Arizona appellate courts have repeatedly and uniformly interpreted the treble damages provision of § 23–355 as discretionary. *See, e.g., Schade v. Diethrich*, 158 Ariz. 1, 13–14, 760 P.2d 1050, 1062–63 (1988) (imposition of treble damages under statute is subject to review for abuse

---

1. The statute provides that the employer has three working days or by the end of the next regular pay period, whichever is sooner, to pay the employee the wages due. *See* A.R.S. § 23–353(A). The parties acknowledge that three working days is the applicable period in this case.

2. Our disposition of these questions in favor of the county makes it unnecessary to address the county's additional challenges to the attorneys' fees and prejudgment interest awarded to Crum. Because Crum is no longer the prevailing party, those awards are vacated.

of discretion); *Sanborn,* 178 Ariz. at 429, 874 P.2d at 986 (employers who fail to tender payment knowingly owed to employees face the "possibility" of treble damages under A.R.S. § 23–355); *Ayres v. Red Cloud Mills, Ltd.,* 167 Ariz. 474, 480, 808 P.2d 1226, 1232 (App.1990) (treble damages under statute are discretionary and intended to punish the employer who forces an unreasonable or bad faith wage dispute); *Patton v. County of Mohave,* 154 Ariz. 168, 172, 741 P.2d 301, 305 (App.1987) (treble damages are discretionary and should be directed against employers who delay paying wages without reasonable justification or who try to defraud employees of earned wages); *Daggett v. Jackie Fine Arts, Inc.,* 152 Ariz. 559, 568–69, 733 P.2d 1142, 1151–52 (App.1986) (use of term "may recover" in A.R.S. § 23–355 indicates that award of treble damages in wage claims is discretionary with the court); *Cummings v. Aviation Specialties Trade Corp.,* 120 Ariz. 536, 537, 587 P.2d 255, 256 (App.1978) (treble damages provision of wage statute is discretionary); *Apache East, Inc. v. Wiegand,* 119 Ariz. 308, 312–13, 580 P.2d 769, 773–74 (App. 1978) (by use of the word "may" in A.R.S. § 23–355, legislature intended to leave the courts discretion to determine whether to impose treble damages).

Crum argues, however, that whatever discretion these cases attribute to the statute has been confined by an amendment to A.R.S. § 23–352(3) added by Laws 1980, Ch. 202, § 4, stating that "[n]o employer may withhold or divert any portion of an employee's wages unless ... [t]here is a reasonable good faith dispute as to the amount of wages due...." This amendment, according to Crum, defines the only instance—a good faith dispute over amount due—in which discretion might be exercised under § 23–355 against an award of treble damages. In all other circumstances, including those of this case—an inadvertent misplacement of a check, not a good faith dispute over amount—Crum maintains that treble damages must be paid.

We disagree for two reasons. First, in 1980, when the legislature amended § 23–352(3), it amended § 23–355 as well, yet left the "may recover" language unchanged. By then, this court had twice interpreted the "may recover" language of § 23–355 as discretionary, not mandatory. *See Cummings,* 120 Ariz. at 537, 587 P.2d at 256; *Apache East,* 119 Ariz. at 312–13, 580 P.2d at 773–74. If the legislature had intended to remove or confine such discretion, it could easily have included language to accomplish such a purpose in the amendment to § 23–355. We do not believe the legislature undertook such a purpose indirectly by the "good faith" amendment to § 23–352(3).

Second, as demonstrated in the line of cases cited above, the Arizona courts have continued since 1980 to interpret the "may recover" language of § 23–355 as permissive. The intervening years have given the legislature abundant time to further amend the statute if dissatisfied with the courts' interpretation. The legislature has not done so, and we interpret its silence as assent. We conclude that the trial court erred in finding that it lacked discretion to deny Crum a treble damages award against the county.

## III. ABUSE OF DISCRETION TO AWARD TREBLE DAMAGES

Because the trial court incorrectly assumed that it lacked discretion to deny Crum treble damages, we must reverse the trial court's judgment. We next consider whether, under the undisputed evidence of this case, it would constitute an abuse of discretion to award Crum treble damages. In cross-motions for summary judgment submitted to the trial court, the county took the position that there were no facts or allegations that would support any award of treble damages. We agree.

Within two working days of terminating Crum's employment, the county prepared one check for Crum's final salary, prepared another for his accrued vacation and sick leave, and gave Crum the first check but, through administrative oversight, failed to deliver the second. One day later, on a Friday—the third working day after his discharge and the deadline for payment under the statute—Crum recognized and notified the county that it had failed to pay him for accrued vacation and sick leave. Crum sent this notice, however, by regular mail, which

the county did not receive until late on Monday afternoon. Upon receiving Crum's letter, the county promptly investigated, located the misplaced check, contacted Crum's attorney (at 9:00 a.m. on Tuesday), and, as directed, mailed Crum the check. Crum received the check the next day—three working days past due.

The Arizona courts have described the treble damages provision of § 23–355 as a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages earned. *See, e.g., Ayres,* 167 Ariz. at 480, 808 P.2d at 1232; *Patton,* 154 Ariz. at 172, 741 P.2d at 305; *Apache East,* 119 Ariz. at 312, 580 P.2d at 773. Crum does not claim that the county acted unreasonably or in bad faith.

As Crum points out, an administrative oversight may also support a treble damages award. In two instances we have upheld treble damage awards against employers who neglected, through inept bookkeeping, to compensate employees for wages due. *See Patton,* 154 Ariz. at 172, 741 P.2d at 305; *Apache East,* 119 Ariz. at 313, 580 P.2d at 774. Those cases, however, did not arise from a single administrative error immediately corrected upon notice. Rather, they involved ongoing mismanagement, long-term bookkeeping ineptitude, and refusal to investigate employee inquiries regarding wages due. *See Patton,* 154 Ariz. at 172, 741 P.2d at 305; *Apache East,* 119 Ariz. at 313, 580 P.2d at 774. *Patton* and *Apache East* were appropriate instances for a punitive treble damage award. This case is not.

In the previous section of this decision we rejected the assertion that any discretion to deny treble damages under § 23–355 is confined to delayed payments arising from good faith disputes over wages due. Here, though we have no good faith dispute over wages due, we have instead a brief, good faith, inadvertent oversight immediately corrected upon notice. Under these circumstances, it would be an abuse of discretion to impose treble damages against the county.

## CONCLUSION

We reverse the trial court's grant of summary judgment and remand for entry of summary judgment in favor of the county.

GERBER and THOMPSON, JJ., concur.