OPINION
VOSS, Judge.
¶ 1 The Ninth Circuit Court of Appeals certified the following question to this court: “Does A.R.S. § 12-133 authorize a system of compulsory participation of attorneys in the mandatory arbitration system?”
¶2 To respond, we turn to the express language of Arizona Revised Statutes (A.R.S.) § 12-133 (Supp.2001). Subsection (A) states:
The superior court, by rule of court, shall do both of the following:
1. Establish jurisdictional limits of not to exceed fifty thousand dollars for submission of disputes to arbitration.
2. Require arbitration in all cases which are filed in superior court in which the court finds or the parties agree that the amount in controversy does not exceed the jurisdictional limit.
Additionally, subsection (C) of § 12-133 provides:
The court shall maintain a list of qualified persons within its jurisdiction who have agreed to serve as arbitrators, subject to the right of each person to refuse to serve in a particular assigned case and subject further to the right of any party to show good cause why an appointed arbitrator should not serve in a particular assigned case. The court rules shall provide that the case subject to arbitration shall be assigned for hearing to a panel of three arbitrators, or in the alternative, to a single arbitrator, each of whom shall be selected by the court.
(Emphasis added.)[1]
¶ 3 To determine whether subsection (C) authorizes this Court to require attorneys to act as arbitrators, “[i]n the absence of ambiguous statutory language or manifest legislative intent to the contrary, [we] should look to the plain meaning of the words as enacted.” Ariz. Dep’t of Revenue v. Dougherty, 200 Ariz. 515, 518, ¶ 9, 29 P.3d 862, 865 (2001); see also State v. Thompson, 200 Ariz. 439, 440, ¶ 6, 27 P.3d 796, 797 (2001) (when statutory language is clear, “it is determinative” of construction); Rineer v. Leonardo, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999) (best indication of a statute’s meaning is its language); Kriz v. Buckeye Petroleum Co., 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985)(statute’s words are foremost guide to interpretation).
¶4 Both sides of this controversy agree, as do we, that the plain language of A.R.S. § 12-133(0 fails to confer authority to demand that attorneys serve as arbitrators. The statute does require the superior court to keep a list “of qualified persons ... who have agreed to serve as arbitrators.” Nothing in these words suggests that all arbitrators must be attorneys; similarly, nothing suggests that all licensed attorneys must serve as arbitrators.
¶ 5 Defense counsel nevertheless urges us to find authority for attorneys’ compulsory service as arbitrators in this Court’s *522 inherent power to regulate both the practice of law and the members of the legal profession, comparing service as arbitrators to various other forms of service demanded of attorneys. At oral argument, the parties also addressed at our request the possible impact of A.R.S. § 12-111 on the differences between A.R.S. § 12-133(C) and Arizona Rule of Civil Procedure 73(b)(1).
¶ 6 However, the question posed to this Court is narrow and specific. As this court has previously stated, “[w]e respond solely to the narrow question[ ] certified to us.” Union Transportes v. City of Nogales, 195 Ariz. 166, 172, ¶ 29, 985 P.2d 1025, 1031 (1999). Restraining ourselves from venturing an opinion on whether or not other authority supports a rule imposing upon active members of the Bar mandatory service as arbitrators, we answer the question posed as follows: A.R.S. § 12-133 does not authorize a system obliging attorneys who are active members of the State Bar to serve as arbitrators.
¶ 7 One of our dissenting colleagues contends that we should vacate the order accepting the certified question because the question cannot resolve all state law issues, such as whether other possible sources of authority for mandatory attorney service exist. We do not refuse to answer a certified question siniply because we can conceive a broader question that the Court of Appeals could have posed but did not. For this Court to answer a certified question, A.R.S. § 12-1861 (1994) requires only that the certified question “may” be determinative of the cause. Given both this statutory language and its purpose, we construe “may” in its usual sense as a permissive term, see Crum v. Maricopa County, 190 Ariz. 512, 514-15, 950 P.2d 171, 173-74 (App.1997), and decline to second-guess the Court of Appeals on whether the question certified will be case-determinative. Our interpretation of the certification statute, which is derived from the Uniform Certification of Questions of Law Act (1967), is consistent with that of most other state supreme courts. The Oregon Supreme Court, for example, has held that an answering court’s decision should “in one or more of the forms it could take, have the potential to determine at least one claim in the case.” W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp., 311 Or. 361, 811 P.2d 627, 630 (1991)(emphasis added). That court expressly rejected the Wyoming court’s “extraordinary interpretation” that unless the state law question was totally determinative of the outcome of the case, the state court would decline to answer a certified question. Id. n. 4.
¶ 8 Further, although we find the statutory meaning plain, that alone is not sufficient reason to refuse to answer a question posed by a federal court if that court finds the issue unclear. See Torres v. Goodyear Tire & Rubber Co., 163 Ariz. 88, 90, 786 P.2d 939, 941 (1990) (state court will strive to respond affirmatively to certification request when the federal court may otherwise be left to speculate on the answer); see also Arizonans for Official English, 520 U.S. 43, 76, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)(lower federal courts erred in failing to certify state law question because they found the language “plain”).
¶ 9 Also in dissent, another colleague argues that the state law claims were dismissed and because Seheehle did not raise them in his federal appellate briefs, no state law claims remain viable. The Court of Appeals, of course, may exercise its discretion to address an issue not raised in an opening brief, see, e.g., Avila v. I.N.S., 731 F.2d 616, 620 (9th Cir.1984), particularly if the issue obviates a federal constitutional question.
¶ 10 Moreover, we are well aware of the federal courts’ long-standing policy of avoiding resolution of constitutional issues and of utilizing the certified question procedure to seek clarification of a possibly dispositive state law issue. See, e.g., Arizonans for Official English, 520 U.S. at 76-77, 117 S.Ct. 1055 (certification of novel, unsettled state law question should be used to avert possible constitutional issue); Elkins v. Moreno, 435 U.S. 647, 661, 662, 98 S.Ct. 1338, 55 L.Ed.2d 614 (1978) (declining to decide unnecessary federal constitutional question and sua sponte certifying potentially dispositive state law issue not raised below); Bellotti v. Baird, 428 U.S. 132, 147-48, 96 S.Ct. 2857, 49 *523 L.Ed.2d 844 (1976) (federal court should abstain if an unconstrued state statute could reasonably be interpreted by that state’s courts to avoid or modify federal constitutional adjudication).
¶ 11 The very fact that the Court of Appeals certified this question, over the parties’ objections, after withdrawing its published opinion in this case, and in lieu of abstaining altogether, certainly implies that it is interested in addressing the state law question. Accordingly, we leave the next step in this process in the able hands of the Ninth Circuit judges.
¶ 12 For all of the above reasons, we choose to answer the narrow and specific question asked.
EDWARD C. VOSS, Judge[2]
CONCURRING: JOHN C. GEMMILL and TOM C. COLE, Judges.

. To further implement the arbitration system, this Court enacted Uniform Rules of Procedure for Arbitration, which are now embodied in the Arizona Rules of Civil Procedure. Rule 73(b) of the latter provides in part: "Except as the parties may stipulate ..., the arbitrator shall be appointed ... from a list, as provided by local rule, of persons which may include the following:
(1) all residents of the county ... who, for at least four years, have been active members of the State Bar of Arizona.”