NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EVOU FITNESS LLC, et al., *Plaintiffs/Counter-Defendants/Appellees*,

*v.*

ALL IN FITNESS & WELLNESS LLC, et al., *Defendants/Counter-Claimants/Appellants*.

No. 1 CA-CV 16-0240
FILED 5-30-2017

Appeal from the Superior Court in Maricopa County
No.  CV2014-009146
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Fennemore Craig, P.C., Phoenix
By Jessica Post, Kristi Lundstrom
*Counsel for Plaintiffs/Counter-Defendants/Appellees*

The Cavanagh Law Firm, P.A., Phoenix
By David A. Selden, Jennifer L. Sellers
*Counsel for Defendants/Counter-Claimants/Appellants*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N**, Judge:

¶1 Appellants All In Fitness & Wellness LLC (All In), Quan Phu, and Anthony DiNobile challenge the trial court's ruling granting summary judgment against them on two of their counterclaims, one arising under the Arizona Wage Act and other under the Fair Labor Standards Act (FLSA). Appellants also challenge the trial court's refusal to award them attorneys' fees and costs, contending that they were the successful parties in the litigation. We affirm the trial court's rulings on all issues raised.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Appellees Evou Fitness, L.L.C. and Spectrum Fitness, L.L.C. (collectively Evou) operated two Fitness Evolution fitness centers in Mesa and Gilbert. Phu served as a Fitness Evolution manager from January 2013 to January 2014. Phu had previously worked as a manager for Spectrum Fitness, which Evou's owner acquired in 2013. Phu received base compensation of $2500 per month and performance commissions while employed by Fitness Evolution. Fitness Evolution later increased his base compensation to $3000 per month.

¶3 In January 2014, DiNobile and Evou had discussions regarding DiNobile potentially becoming a part-owner of the business. While those discussions were ongoing, DiNobile worked in a managerial capacity for Fitness Evolution for approximately one week. DiNobile and Phu then resigned; they later opened All In approximately three miles from Fitness Evolution's Gilbert location. Fitness Evolution did not pay DiNobile any wages upon his departure, but eventually paid him in September 2014.

¶4 Evou filed suit against All In, Phu, DiNobile, and others alleging that All In had hired away several former Fitness Evolution employees in violation of those employees' non-compete and confidentiality agreements. Evou further alleged that Phu had improperly used an Evou-owned Facebook page to solicit customers to All In.

**¶5**     Evou requested a temporary restraining order and preliminary injunction barring All In, Phu, and DiNobile from further soliciting Fitness Evolution employees or customers.  At the temporary restraining order hearing, the parties reached the following agreement on the record pursuant to Arizona Rule of Civil Procedure (Rule) 80(d)[1]:

- Appellants would not directly or indirectly solicit Fitness Evolution members or employees,

- Appellants would not disclose any Fitness Evolution confidential information, and

- Appellants would no longer use the Facebook page and would work with Evou to transfer over administrative rights to the page, although All In contended the page had already been deleted.

**¶6**     Appellants asserted numerous counterclaims following the hearing.  Appellants sought a declaratory judgment that Evou's non-compete agreements with its employees were unenforceable.  DiNobile alleged individually that Evou (1) had breached their agreement under which DiNobile would have become a part-owner, (2) had misrepresented its financial status, and (3) violated FLSA and the Arizona Wage Act (Arizona Revised Statutes (A.R.S.) section 23-350 (2016), et seq.) by failing to pay him wages for his one week of work.  Phu likewise alleged that Evou had breached its promise to make him a part-owner of Spectrum and had violated FLSA and the Wage Act by failing to pay him overtime, commissions earned, and health benefits.  DiNobile and Phu each sought treble damages for their Wage Act claims under A.R.S. § 23-355(A) (2012).  Appellants also moved for partial summary judgment, presenting affidavits from thirty-six former Fitness Evolution customers and arguing that Evou had suffered no damages because of their conduct.  They also contended that Evou's employee handbook was not intended to be a contract.

**¶7**     Evou moved for and obtained time to conduct discovery on these issues under Rule 56(f).  Evou then moved to voluntarily dismiss its claims against appellants, stating that it was "satisfied with the agreement that the parties reached on the record and would agree that both parties should go their separate ways" and that it believed "the cost of proving

---

[1] The Rules were substantially amended effective January 1, 2017.  We cite the Rules in effect at the time of this dispute unless otherwise noted.

damages in this case will far exceed the value of the damages." Evou noted that it had paid DiNobile's claimed wages.

¶8        Appellants also moved to voluntarily dismiss some of their counterclaims, but moved for partial summary judgment on Phu's FLSA claim and DiNobile's treble damages claim. Evou cross-moved for summary judgment on each of these claims and sought summary judgment on Phu's Wage Act claim, which Phu did not oppose. The trial court granted appellants' motion for voluntary dismissal and granted summary judgment for Evou on the three remaining counterclaims. The court found that Phu had "performed exempt duties only under the FLSA," he received a sufficient salary to be deemed exempt under the relevant FLSA regulations, and no deductions were taken from his pay. The court also declined to treble DiNobile's wages even though Evou did not pay them for several months.

¶9        Both sides applied for attorneys' fees and costs. Following contentious briefing, the trial court declined to award attorneys' fees to either side:

> [Evou] argues that this litigation should have been over a year ago. It contends that the 10 counterclaims are meritless and some even frivolous. All In is equally accusatory, stressing that [Evou's] lawsuit accomplished nothing. All In argues that the record is replete with Rule 11 issues.
>
> It is unfortunate that this case—with two highly qualified firms—festered as long as it did. Frustration, outrage, and accusations of unsupportable positions emanate from the papers. On this record, the Court is unable to identify a "prevailing party" or otherwise justify an award of fees to any party.

Appellants timely appealed. We stayed the appeal to allow appellants to obtain a final Rule 54(c) judgment, which they did. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

¶10        We review de novo whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court properly applied the law. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16, 226 P.3d 411, 415 (App. 2010). We

construe all facts in favor of appellants as the non-moving parties. *Melendez v. Hallmark Ins. Co.*, 232 Ariz. 327, 330, ¶ 9, 305 P.3d 392, 395 (App. 2013).

## I. The Trial Court Correctly Granted Summary Judgment on Phu's FLSA Claim

**¶11** Phu contends the trial court erred in granting summary judgment on his FLSA claim because he was entitled to overtime compensation. Generally, employees are entitled to overtime compensation for hours worked beyond forty hours per week. 29 U.S.C. § 207(a)(1). An employee may be exempted from overtime compensation, however, under one of several regulatory exemptions. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 918 (D. Ariz. 2010). We review Phu's duties and salary to see if they met the requirements of any of the regulatory exemptions. *Colson*, 687 F. Supp. 2d at 918; 29 C.F.R. § 541.200.

**¶12** Phu concedes that he performed exempt duties for Fitness Evolution. He contends, however, that Evou did not pay him a salary, but rather "non-employee compensation" as an independent contractor. This argument is circular, as "only employees are entitled to overtime and minimum-wage compensation" under FLSA. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). Nonetheless, "an employer's classification of a worker as an 'independent contractor' is not controlling." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 350 (E.D.N.Y. 2015) (citation omitted); *see also* 29 U.S.C. § 203(e)(1) (defining "employee" under FLSA generally to mean "any individual employed by an employer"). We will assume for purposes of this appeal that Phu would have been considered an employee under FLSA.

**¶13** The regulations in effect when Phu worked for Fitness Evolution[2] required that an exempt executive, administrative, or professional employee[3] be paid no less than $1971.66 per month and be paid "each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which

---

[2] The Department of Labor substantially revised these regulations effective December 1, 2016. We cite the regulations in effect during Phu's employment with Fitness Evolution.

[3] Employees who work in a "bona fide executive, administrative, or professional capacity" are exempted from FLSA's overtime requirement. 29 U.S.C. § 213(a)(1).

amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. §§ 541.600(a)-(b), 541.602(a). Phu does not dispute that Evou paid him regularly and paid him more than the minimum required amount. He instead contends his compensation became "subject to reductions" when Evou sought disgorgement in this lawsuit. We reject this contention because Phu offered no evidence to show that Evou took any deductions from his pay for any reason and because Evou voluntarily dismissed its disgorgement claim.

¶14    Phu next cites *Auer v. Robbins*, 519 U.S. 452 (1997) for the proposition that there is no requirement that he prove that Evou made any actual deductions. In *Auer*, the Supreme Court held that an employee is not paid on a salary basis for FLSA purposes if (1) there is an actual practice of salary deductions or (2) an employee is compensated under a policy that clearly communicates a significant likelihood of deductions. 519 U.S. at 461. Evou points out, however, that the Department of Labor revised the relevant regulations several years after *Auer* to require a showing that the employer has an actual practice of making improper reductions. *See* 29 C.F.R. § 541.603(a) *(*"An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis"); 29 C.F.R. § 541.603(b) (stating that the exemption is lost "[i]f the facts demonstrate that the employer has an actual practice of making improper deductions"); *Baden-Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 628 (6th Cir. 2009) (explaining that these revisions marked a departure from *Auer*).

¶15    Moreover, even if *Auer* applied, Phu presented no evidence to show that Evou communicated any policy that created a significant likelihood of deductions at any time. Phu also cites no relevant authority to support his contention that Evou's post-termination disgorgement claim evinced any such policy. We therefore affirm the trial court's ruling on Phu's FLSA claim. The Trial Court Correctly Granted Summary Judgment on DiNobile's Treble Damages Claim

¶16    DiNobile acknowledges that Evou paid his claimed wages in September 2014. He contends the trial court erred by not trebling those wages under A.R.S. § 23-355(A).[4]

---

[4] "Except as provided in subsection B of this section, if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former

**¶17** We review the trial court's refusal to award treble damages for an abuse of discretion. *Crum v. Maricopa Cty*, 190 Ariz. 512, 514-15, 950 P.2d 171, 173-74 (App. 1997). The court may consider several factors in exercising its discretion, including the origin and nature of the dispute, efforts by either party to resolve the dispute short of litigation, the nature of the parties' relationship, and other contemporaneous acts by either party not bearing directly on the alleged breach. *D'Amico v. Structural I Co.*, 229 Ariz. 262, 266, ¶ 17, 274 P.3d 532, 536 (App. 2012). The court may decline to award treble damages even if the employer did not have a good faith basis to dispute the wages at issue. *Id.* at ¶ 16.

**¶18** The undisputed record supports the trial court's ruling. DiNobile did not dispute that he approached Evou to pursue an ownership opportunity or that he considered himself to be an owner during his brief stay. DiNobile also acknowledged that he never completed his employment paperwork, that he did not expect to be paid when he left Fitness Evolution, and that he did not demand payment until after this litigation began. The court did not abuse its discretion in declining to award treble damages.

## II. The Trial Court Did Not Abuse Its Discretion in Declining to Award Appellants Attorneys' Fees

**¶19** Appellants also contend they were the successful parties below and therefore entitled to recover attorneys' fees. The trial court has discretion to determine who is a successful party under A.R.S. § 12–341.01(A); we will not disturb its decision if there is any reasonable basis for it. *Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 8, 377 P.3d 355, 358 (App. 2016) (citations omitted).

**¶20** Appellants first contend that they succeeded on Evou's claims when Evou voluntarily dismissed them. *See Vicari v. Lake Havasu City*, 222 Ariz. 218, 224-25, ¶¶ 26-27, 29, 213 P.3d 367, 373-74 (App. 2009) (finding that voluntary dismissal under Rule 41(a)(1) did not preclude a § 12-341.01(A) fee award). Appellants presume, but do not establish, that Evou voluntarily dismissed its claims because it did not want to respond to appellants' pending motion for partial summary judgment. Even if that were true, appellants voluntarily dismissed several counterclaims and stipulated to most of the injunctive relief Evou sought in its complaint. Thus, even under

---

employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).

appellants' reasoning, Evou also succeeded on a significant portion of the case.

**¶21** Appellants next contend DiNobile succeeded on his Wage Act counterclaim. The results of this claim were mixed as well. DiNobile correctly points out that Evou did not pay him wages until after this litigation began, but Evou prevailed on DiNobile's treble damages claim, which we have affirmed.

**¶22** Appellants next contend Evou's "employment-based" claims against Phu and DiNobile were groundless because Evou did not pay them "even one penny as an employee." This argument ignores Evou's undisputed payment to DiNobile. It also relies once again on appellants' contention that Evou designated Phu as an independent contractor, which is not dispositive under FLSA. *See, e.g., Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) ("The common law concepts of 'employee' and 'independent contractor' are not conclusive determinants of the FLSA's coverage.").

**¶23** Appellants also contend the trial court should have awarded them fees on Evou's Facebook page claim under Rule 11, Rule 26.1, and A.R.S. § 12-349. Appellants contend that Evou failed to disclose documents that appellants argue would have shown that Evou did not have the exclusive right to use the trade name "Spectrum Fitness & Wellness Center" and would have rendered Evou's claim groundless. Even assuming all of this is true—and, again, appellants offer nothing more than presumptions—appellants did not move to compel disclosure of these documents or for sanctions under Rule 37(a)(2)(A). We will not award discovery and disclosure sanctions on appeal that appellants did not seek below. *Cf. AG Rancho Equip. Co. v. Massey-Ferguson, Inc.*, 123 Ariz. 122, 123, 598 P.2d 100, 101 (1979) ("The power to impose [Rule 37] sanctions . . . is discretionary *with the trial court*.") (emphasis added). In any event, appellants agreed to turn over the Facebook page and stipulated to dismiss their only related counterclaim, which rendered this issue moot.

**¶24** Finally, appellants contend they were entitled to recover attorneys' fees on the "restrictive covenant issue" because the non-compete restrictions imposed on Evou's employees were unenforceable. The trial court did not address the enforceability of these covenants; as such, appellants were not "successful" on this issue. We decline to address them for the first time on appeal.

**¶25** In summary, the record amply supports the trial court's decision to decline to award attorneys' fees. We therefore affirm.

### III. We Decline to Award Rule 25 Sanctions on Appeal

**¶26** Evou requests sanctions against appellants pursuant to Arizona Rule of Civil Appellate Procedure (ARCAP) 25, which authorizes us to sanction those who bring frivolous appeals. *See Johnson v. Brimlow*, 164 Ariz. 218, 221-22, 791 P.2d 1101, 1104-05 (App. 1990). We consider sanctions with great caution and only award them in cases that involve wholly frivolous and meritless claims. *Price v. Price*, 134 Ariz. 112, 114, 654 P.2d 46, 48 (App. 1982).

**¶27** Appellants' claims in this appeal are meritless. Evou contends this appeal was frivolous for several reasons, the most significant of which is its contention that appellants extended the litigation for an additional year to try to extract an attorneys' fee award. While we are troubled by appellants' tactics below, those tactics are not grounds for sanctions in this court. Moreover, we cannot attribute an improper motive to appellants or their counsel on appeal on the record before us. We therefore decline to award ARCAP 25 sanctions.

### CONCLUSION

**¶28** We affirm the judgment and award Evou its costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA