NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KENNETH MAYS, *Plaintiff/Appellee,*

*v.*

MWM VICSDALE MAGIC, LLC, *Defendant/Appellant.*

No. 1 CA-CV 22-0313
FILED 1-26-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-052507
The Honorable Gary L. Popham, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Jeffrey M. Proper PLLC, Scottsdale
By Jeffrey M. Proper
*Co-Counsel for Plaintiff/Appellee*

Barabara J. Forde PC, Scottsdale
By Barbara J. Forde
*Co-Counsel for Plaintiff/Appellee*

Greenbriar Law PLC, Phoenix
By Walid A. Zarifi
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1        MWM Vicsdale Magic, LLC appeals the superior court's order denying its Arizona Rule of Civil Procedure 60(b)(6) motion. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In July 2021, Kenneth Mays sued MWM alleging a violation of Arizona's Residential Landlord Tenant Act, A.R.S. § 33-1301 *et seq.* Mays claimed that MWM violated the Act when it did not return the $11,500.00 he paid MWM, consisting of $7,400.00 for two months' rent; a $3,500.00 security deposit; a $300.00 cleaning fee; and a $300.00 pet cleaning fee. Mays requested double damages, pre- and post-judgment interest, and attorney's fees and costs.

¶3        Mays tried to serve MWM at the statutory agent's registered address, but it turned out to be a post office box business. Mays then served MWM through the Arizona Corporation Commission. MWM never answered.

¶4        Fifty-two days after filing the complaint, Mays applied for default judgment and mailed the application to three addresses connected to MWM, including the statutory agent's address and the Arizona Corporation Commission. Twelve days later, Mays moved the superior court to enter the default judgment. The superior court entered judgment, but declined to award Mays double damages.

¶5        Sixty-one days after the court entered the default judgment, MWM moved to set aside the default under Arizona Rule of Civil Procedure 60(b)(1) and (6). The superior court held a one-hour hearing and denied the motion, finding that MWM "failed to establish excusable neglect" or prove it is "entitled to relief under Rule 60(b)(6)." In a separate order, the superior court granted Mays the attorney's fees incurred while opposing the motion. MWM timely appealed, and we have jurisdiction. *See* A.R.S. § 12-2101(A)(2); *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz.

420, 429, ¶ 15 ("compliance with Rule 54(b) or 54(c) is not required for 'any special order made after final judgment' to be appealable under A.R.S. § 12-2101(A)(2)").

## DISCUSSION

**¶6**          We review the denial of Rule 60 relief for an abuse of discretion and will affirm "unless undisputed facts and circumstances require a contrary ruling." *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (cleaned up). The court may relieve a party from a final judgment for "any other reason justifying relief." Ariz. R. Civ. P. 60(b)(6). This subsection "vests power … to vacate judgments whenever such action is appropriate to accomplish justice," *Webb v. Erickson*, 134 Ariz. 182, 186 (1982) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)), including providing relief for "extraordinary circumstances of hardship or injustice," *id.* at 187.

**¶7**          MWM argues that the superior court abused its discretion under Rule 60(b)(6) by applying the wrong legal standard. The superior court is "presumed to know the law and apply it in making [its] decisions." *State v. Lee*, 189 Ariz. 608, 616 (1997). But we cannot adequately address the superior court's application of the law because MWM did not file transcripts in accordance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 11. "When a party fails to include necessary items, we assume they would support the court's findings and conclusions." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). The superior court stated its findings and conclusions were based "on the discussion and for the reasons stated on the record," but MWM failed to provide us that record. Thus, we cannot say the court applied the wrong legal standard.

**¶8**          MWM also argues that the superior court abused its discretion by entering a default judgment for double the actual damages. MWM is mistaken: the superior court rejected Mays' request for double damages and amended the proposed judgment to include only the amount the parties agree Mays paid under the lease agreement. And, in any event, Arizona law grants the superior court discretion to award "twice the amount wrongfully withheld." A.R.S. § 33-1321(E); *see also Crum v. Maricopa County*, 190 Ariz. 512, 515 (App. 1997) (recovery of double damages is discretionary and not mandatory). The superior court did not abuse its discretion when it calculated damages under the default judgment.

**¶9**          Both parties seek attorney's fees and costs under A.R.S. §§ 12-341, -341.01, -349, and ARCAP 25.  MWM is not the prevailing party, thus we deny its request for attorney's fees. *See* A.R.S. § 12-341.01. We award

Mays his attorney's fees and costs as the prevailing party, pending compliance with ARCAP 21. *See* A.R.S. § 12-341.01(A); *Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 162, ¶ 38 (2014).  But we deny Mays' request to impose sanctions under A.R.S. § 12-349.

## CONCLUSION

¶10     For the above reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA