2004 WY 2

**CLC, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 03–37.**

Supreme Court of Wyoming.

Jan. 21, 2004.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Senior Assistant Appellate Counsel. Argument presented by Ms. Kerin.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; and Robin Sessions Cooley, Deputy Attorney General. Argument presented by Ms. Cooley.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, CLC, seeks review of an order of the district court that denied an application for conditional discharge from the Wyoming State Hospital (WSH). By order entered on September 14, 1998, CLC was found not guilty by reason of mental illness of the crime of interference with a police officer. Initially, CLC was placed in outpatient supervision in the community, but when he failed to abide by his prescribed treatment regimen, he was sent to WSH for confinement and treatment. On July 15, 2002, WSH filed an application for conditional discharge in the district court. However, WSH subsequently amended its application, asking the district court to continue CLC's hospitalization in order to augment his treatment. The district court denied the application for conditional discharge, and CLC appeals from that order.

[¶ 2] After careful review of the record, we conclude that the district court's order denying the application for conditional discharge is not contrary to the evidence brought to the district court's attention, nor is it otherwise an abuse of discretion. There is no other action of the district court that can constitute a basis for this appeal, as the earlier orders of the district court were not timely appealed. Thus, the appeal will be affirmed in part, dismissed in part, and the matter remanded to the district court to consider such other proceedings as may be initiated by it of its own motion, by the prosecutor, by WSH, or by CLC.

## ISSUES

[¶ 3] CLC raises these issues:

I. Whether the order denying application for conditional discharge is invalid when [CLC] is unlawfully confined, without due process of law, at the Wyoming State Hospital?

II. Whether [CLC] received ineffective assistance of counsel?

III. Whether the trial court erred in refusing [CLC's] conditional discharge from the Wyoming State Hospital?

The State rephrases those issues:

I. Whether [CLC] is lawfully confined in the Wyoming State Hospital?

II. Whether [CLC] received effective assistance of counsel?

III. Whether the district court properly denied [CLC's] application for discharge from the Wyoming State Hospital?

## FACTS AND PROCEEDINGS

[¶ 4] In an information filed in the county court (now circuit court) on January 26, 1998, CLC was charged with the crime of interference with a police officer in violation of Wyo. Stat. Ann. § 6–5–204(a) (LexisNexis 2003), a misdemeanor.[1] By order entered on January 28, 1998, the circuit court suspended the proceedings in this case and sent CLC to WSH for a mental evaluation. The record is not entirely clear as to what transpired over the next several months, but on June 12, 1998, the district attorney filed a demand for a preliminary hearing for CLC. In that demand, this summary of events was provided to the district court: CLC was sent to WSH on January 28, 1998; on March 3, 1998, the State received a report from WSH indicating that CLC had medical conditions that required treatment and that WSH could not make a determination regarding sanity or fitness to proceed unless and until those conditions were treated; CLC was then involuntarily committed to WSH;[2] on May 28, 1998,

1. An amended information was filed on March 3, 1998, charging CLC with interference with a police officer in violation of Wyo. Stat. Ann. § 6–5–204(b), a felony.

2. See Wyo. Stat. Ann. §§ 25–10–110, –112, –

the State received a report from WSH indicating that CLC's behavior was "appropriate" and his thinking "clear."

[¶ 5] On July 13, 1998, CLC entered a plea of not guilty by reason of mental illness or deficiency. By order entered on July 20, 1998, CLC was ordered to go to WSH for an evaluation. *See* Wyo. Stat. Ann. § 7–11–303(b) (LexisNexis 2003). By order entered on September 14, 1998, CLC was found not guilty by reason of mental illness and placed on supervision. In that order the district court placed CLC under the supervision of the Department of Probation and Parole, to ensure that CLC "take all medications that are appropriate and pursue any and all mental health care counseling and treatment as deemed necessary and appropriate by his supervising agent." In this regard, Wyo. Stat. Ann. § 7–11–306(c) (LexisNexis 2003) provides:

> (c) If the court finds that the person is affected by mental illness or deficiency and presents a substantial risk of danger to himself or others, but can be controlled adequately and given proper care, supervision and treatment if released on supervision, the court shall order him released subject to the supervisory orders of the court as are appropriate in the interests of justice and the welfare of the defendant. **The court may appoint any person or state, county or local agency which the court considers capable of supervising the person upon release.** Upon receipt of an order issued under this subsection, the person or agency appointed shall assume the supervision of the person pursuant to the direction of the court. Conditions of release in the order of the court may be modified from time to time and supervision may be terminated by order of the court. If upon a hearing the state shows by a preponderance of the evidence that the person released on supervision under this subsection can no longer be controlled adequately by supervision, the court may order the person committed to the Wyoming state hospital or other designated facility for custody, care and treatment. [Emphasis added.]

116, –118, and –123 (LexisNexis 2003).

[¶ 6] CLC was placed under the supervision of the Department of Probation and Parole, and on April 11, 2000, a pleading styled "Petition for Revocation of Probation" was filed in the district court. CLC was arrested on April 15, 2000, and confined in the Laramie County Detention Center. The basis for the revocation was CLC's failure to follow prescribed treatment while under supervision in the community. In an order entered on May 30, 2000, CLC was committed to WSH for confinement and treatment. In that order the district court commissioner acknowledged that CLC violated the terms of his community "supervision" and that he presented a danger to himself and others. The order did not revoke an imposition of a term of probation.

[¶ 7] CLC remained at WSH in the interim, and on July 15, 2002, WSH filed an application in the district court for an order of conditional discharge for CLC. That application was supported by a report prepared by WSH that indicated CLC was "probably safe" for discharge but recommended that he be closely followed in community supervision. The district court scheduled a hearing for October 31, 2002, to consider the application for discharge. In a letter dated October 30, 2002, WSH modified its recommendation, opining that it would be best if CLC remained at WSH for further treatment for a period of at least 90 days. At the hearing, counsel, who was located in Cheyenne, represented CLC and CLC participated by telephone from WSH and was not present in Cheyenne. CLC was able to visit privately with his attorney during the proceedings. By order entered on December 6, 2002, the district court denied the application for conditional discharge and CLC remained at WSH. In this regard, Wyo. Stat. Ann. § 7–11–306(g) provides:

> (g) If the court, after a hearing upon any application for discharge, or application for modification or termination of release on supervision, under subsections (c) through (f) of this section, finds that the person is no longer affected by mental illness or deficiency, or that he no longer

presents a substantial risk of danger to himself or others, the court shall order him discharged from custody or from supervision. If the court finds that the person is still affected by a mental illness or deficiency and presents a substantial risk of danger to himself or others, but can be controlled adequately if he is released on supervision, the court shall order him released on supervision as provided in subsection (c) of this section. **If the court finds that the person has not recovered from his mental illness or deficiency and presents a substantial risk of danger to himself or others and cannot adequately be controlled if he is released on supervision, the court shall order him remanded for continued care and treatment.** [Emphasis added.]

[¶ 8] On December 12, 2002, CLC filed a pro se notice of appeal seeking review of that order in this Court. By order entered on March 27, 2003, this Court appointed the Public Defender to represent CLC in this appeal. In a letter dated April 16, 2003, WSH reported to the district court that CLC could not be recommended for discharge "conditionally or otherwise" as he refused offered treatment and medication and could not safely be released into the community and that "his risk of *dangerous* relapse in the community is high." (Emphasis in original.) WSH also noted a potential need for CLC to have a surrogate decision-maker appointed because his mental illnesses were a significant factor in his refusal to take the medication that would likely be of benefit to him and, perhaps, hasten his ability to safely function in a community setting. No more current information is available to this Court as to CLC's condition.

## DISCUSSION

### Was CLC Committed to WSH Without Due Process of Law

[¶ 9] As our point of embarkation, we note that the determination that CLC was not guilty by reason of mental illness appears to have been reached in a manner consistent with Wyo. Stat. Ann. §§ 7–11–301 through – 307 (LexisNexis 2003). Those statutes provided a full range of due process protections

to CLC. *See generally*, ABA Criminal Justice Mental Health Standards, Part VII (1984); and 2 Paul H. Robinson, *Criminal Law Defenses*, § 173(g) (1984 and 2001–2002 Pocket Part). Of central importance here, however, CLC did not appeal from the order that revoked the district court's initial determination that CLC could remain in the community under supervision. Although styled a revocation of probation, we view that as an issue of form rather than substance, and it is clear the district court acted in a manner consistent with the statutes that govern in these circumstances. In any event, because CLC did not timely file an appeal from that order, we are without jurisdiction to consider the issue framed by this portion of his brief. W.R.A.P. 1.03.

### Did CLC Receive Effective Assistance of Counsel

[¶ 10] To the extent CLC contends that his counsel was ineffective in the proceedings prior to the filing of the application for conditional discharge, we cannot consider that issue because a timely appeal was not taken from the district court's earlier order. W.R.A.P. 1.03.

[¶ 11] To the extent CLC contends that his counsel was ineffective leading up to and during the hearing on WSH's application for conditional discharge, we employ the following standard of review:

In reviewing claims of ineffective assistance of counsel, our paramount consideration is whether, in light of all the circumstances, trial counsels' acts or omissions were outside the wide range of professionally competent assistance. *Gleason v. State*, 2002 WY 161, ¶ 44, 57 P.3d 332, ¶ 44 (Wyo.2002). An appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Ordinarily, he must also demonstrate that prejudice resulted. Under this test, the inquiry is whether or not counsel rendered the assistance a reasonably competent attorney would have offered and, if

not, whether his failure to do so prejudiced the defense of the case. *Id.* This two-part test, the *Strickland* test, is the test we normally apply in reviewing ineffectiveness claims, and it is this test that applies to Mr. Sincock's first claim of ineffectiveness.

We examine the conduct of defense counsel in light of all the circumstances in determining whether the identified acts or omissions fall outside the ambit of professionally competent assistance, bearing in mind the function of counsel is to make the adversarial testing process work in every case. *Dickeson v. State*, 843 P.2d 606, 609 (Wyo.1992). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Gleason*, 2002 WY 161, 57 P.3d 332. We do not evaluate the efforts of counsel from a perspective of hindsight but endeavor to reconstruct the circumstances surrounding the challenged conduct and evaluate the professional efforts from the perspective of counsel at the time. *Dickeson*, 843 P.2d at 609. We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment. *Id.* The burden is on the defendant to overcome this presumption that, in light of the circumstances, the challenged action or failure of the attorney might be considered sound trial strategy. *Id.*

*Sincock v. State*, 2003 WY 115, ¶¶ 34–35, 76 P.3d 323, ¶¶ 34–35 (Wyo.2003).

[¶ 12] We have carefully reviewed the record on appeal, and we conclude CLC's counsel was not ineffective.

**Did the District Court Err in Denying the Application for Conditional Discharge**

[¶ 13] It is apparent that WSH decided to withdraw, or at least modify, its application for conditional discharge. Its papers make clear that it still considered CLC to be a danger to himself or others. CLC presented no evidence to the contrary. For these reasons we are compelled to conclude that the district court's order denying the motion for conditional discharge was not contrary to the evidence presented to it and was not otherwise an abuse of discretion.

**CONCLUSION**

[¶ 14] For the reasons set out above, the order of the district court denying the application for conditional discharge is affirmed. CLC's counsel was not ineffective in those proceedings. The appeal is dismissed with respect to the other issues raised by CLC. This matter is remanded to the district court, and the parties are returned to the positions they were in prior to the district court's December 6, 2002 order denying the application for conditional discharge. Furthermore, this matter is remanded to the district court for such further proceedings as may be initiated by the district court of its own motion, or by the State acting through the prosecutor or WSH, or by CLC.