2005 WY 22

**Martin LEYVA, Sr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 03–187.**

Supreme Court of Wyoming.

Feb. 25, 2005.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Ryan R. Roden, Senior Assistant Appellate Counsel. Argument by Mr. Roden.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Dee Morgan, Senior Assistant Attorney General. Argument by Ms. Morgan.

Before HILL, C.J., and GOLDEN, VOIGT, and BURKE*, JJ., and YOUNG, D.J.

YOUNG, District Judge.

[¶ 1]   This is an appeal from the judgment finding appellant Martin David Leyva, Sr. (Leyva) guilty of possession of a controlled substance, marijuana, with intent to deliver in violation of Wyo. Stat. Ann. § 35–7–1031(a)(ii) (LexisNexis 2003).[1]   Leyva argues

---

* District Judge at time of argument.

1.  Wyo. Stat. Ann. § 35–7–1031(a)(ii) provides:

(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.  Any person who violates this subsection with respect to:

. . . .

(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both;

Wyo. Stat. Ann. § 35–7–1002(a)(xiv) (LexisNexis 2003) defines marijuana as

all parts of the plant of the genus Cannabis, whether growing or not; the seed thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin.  It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other

that there was insufficient evidence to convict him, the jury was improperly instructed, and his counsel rendered ineffective assistance. Upon our review, we affirm.

## ISSUES

[¶ 2] Leyva phrases the issues on appeal as:

I. Whether the evidence was sufficient to convict [Leyva] of possession of marijuana with the intent to deliver, because the State failed to prove beyond a reasonable doubt an essential element of that crime.

II. Whether the trial court committed fundamental error by failing to adequately instruct the jury on the legal definition of an essential element of the crime for which [Leyva] was charged, violating [Leyva's] due process rights to a fair trial.

III. Whether defense counsel rendered ineffective assistance of counsel in failing to object to the district court's instruction to the jury defining marijuana and for failing to propose an instruction defining marijuana as statutorily defined in W.S. § 35–7–1002(a)(xiv).

## FACTS

[¶ 3] On the evening of March 2, 2002, Rawlins police made a routine traffic stop. After obtaining consent to search the vehicle, the police located a purse belonging to a minor passenger of the vehicle. After obtaining consent to search the purse, the police found rolling papers, a scale, metal screens, two different rolling devices, two burnt roaches, two rolled marijuana joints, and some marijuana particles. Upon questioning, the minor voluntarily produced a bud of marijuana, which she had concealed on her person. The minor was then transported to the police department. Ultimately, the minor was released to her grandmother, who acted as her guardian.

[¶ 4] Upon transporting the minor to her grandmother's residence, where the minor also resided, the grandmother gave the police consent to search her home, with the excep-

tion of a room where her sick husband was sleeping. The minor granted the police permission to search her bedroom. Upon searching the minor's bedroom, the police found two marijuana pipes and a screwdriver with black residue on the end of it. They also found a box of sandwich bags and a baggy containing marijuana leaves, seeds, and stems underneath the trash bag located inside a trashcan. The minor stated that these items were not hers; instead they belonged to Leyva, her uncle.

[¶ 5] On two separate occasions, Leyva, who was present in the home, admitted that these items belonged to him. Leyva also stated to the police that he had been trying, unsuccessfully, to sell the items so that he could travel to California. Leyva was subsequently arrested. The substance in the baggy found inside the trashcan was later tested and positively identified as marijuana.

[¶ 6] Leyva was then charged with one count of possession of a controlled substance, marijuana, with the intent to deliver in violation of Wyo. Stat. Ann. § 35–7–1031(a)(ii). After trial, a jury convicted Leyva. Sentence and judgment was entered, and this appeal followed.

## STANDARD OF REVIEW

[¶ 7] In *Lopez v. State,* 2004 WY 28, ¶ 16, 86 P.3d 851, ¶ 16, (Wyo.2004), we recently reiterated:

The standard of review for sufficiency of the evidence issues is well established. "We assess whether all the evidence presented is adequate to form the basis for an inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State." *Estrada–Sanchez v. State,* 2003 WY 45, ¶ 6, 66 P.3d 703, ¶ 6 (Wyo.2003).

We leave out of consideration the evidence presented by the unsuccessful party which conflicts with the successful party's evidence and afford every favorable inference to the successful party's

---

compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, or

the sterilized seed or the plant which is incapable of germination[.]

evidence which may be reasonably and fairly drawn from that evidence. Even though it is possible to draw other inferences from the evidence presented, the jury has the responsibility to resolve conflicts in the evidence. We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

[¶ 8] We also have a well-established standard of review for jury instructions.

Jury instructions should inform the jurors concerning the applicable law so that they can apply that law to their findings with respect to the material facts, instructions should be written with the particular facts and legal theories of each case in mind and often differ from case to case since any one of several instructional options may be legally correct, a failure to give an instruction on an essential element of a criminal offense is fundamental error, as is a confusing or misleading instruction, and the test of whether a jury has been properly instructed on the necessary elements of a crime is whether the instructions leave no doubt as to the circumstances under which the crime can be found to have been committed.

*Mueller v. State,* 2001 WY 134, ¶ 9, 36 P.3d 1151, 1155 (Wyo.2001) (citing *Schmidt v. State,* 2001 WY 73, ¶ 23, 29 P.3d 76, 83 (Wyo.2001) and *Metzger v. State,* 4 P.3d 901, 908 (Wyo.2000)). We analyze jury instructions as a whole and do not single out individual instructions or parts thereof. *Ogden v. State,* 2001 WY 109, ¶ 8, 34 P.3d 271, 274 (Wyo.2001). We give trial courts great latitude in instructing juries and " 'will not find reversible error in the jury instructions as long as the instructions correctly state the law and the entire set of instructions sufficiently covers the issues which were presented at the trial.' " *Id.* (quoting *Harris v. State,* 933 P.2d 1114, 1126 (Wyo.1997)).

*Brown v. State,* 2002 WY 61, ¶ 9, 44 P.3d 97, ¶ 9 (Wyo.2002).

[¶ 9] Finally, we have indicated that when an appellant does not object at trial to the jury instructions, or request that a certain instruction be included, our review of this issue follows our plain error standard:

First, the record must clearly present the incident alleged to be error. Second, appellant must demonstrate that a clear and unequivocal rule of law was violated in a clear and obvious, not merely arguable, way. Last, appellant must prove that he was denied a substantial right resulting in material prejudice against him.

*Ogden v. State,* 2001 WY 109, ¶ 9, 34 P.3d 271 ¶ 9 (Wyo.2001) (quoting *In Interest of CB,* 749 P.2d 267, 268–69 (Wyo.1988)); *see also Brown,* ¶ 10.

### DISCUSSION

#### Sufficiency of Evidence

[¶ 10] Leyva contends that the State failed to present sufficient evidence that the substance in the baggy found inside the trashcan was marijuana as it is defined by Wyo. Stat. Ann. § 35–7–1002(a)(xiv). Leyva argues that § 35–7–1002(a)(xiv) specifically states that the mature stalks of the plant and the sterilized seed or plant which is incapable of germination are not included in the definition of marijuana. He then asserts that all parties and witnesses agreed that the purported marijuana contained in the baggy found inside the trashcan was solely in the form of "stems and seeds" with no leaves. Therefore, Leyva claims the State did not satisfy its burden of proof that the substance in the baggy was marijuana because the State did not show that the stems and seeds were not mature stalks, sterilized seeds, and parts of the marijuana plant incapable of germination. He thus maintains that it was impossible for him to have been convicted of possession of a controlled substance, marijuana, with intent to deliver in violation of § 35–7–1031(a)(ii). We do not agree.

[¶ 11] The basis of our disagreement is that Leyva simply mischaracterizes the testimony and actual evidence presented at trial. Officer Richard Hooper testified that the

substance in the baggy was *"a green, leafy substance* with the stem and seed." Thereafter, when Officer Hooper was asked at trial to view the baggy and its contents, he indicated that the baggy contained "*[l]ittle bits of leaves*" with mostly stems and seeds. Similarly, Officer Michael Rose described the contents of the baggy as *"green and leafy marijuana"* with stems and seeds. Likewise, Officer Jason Green stated that the baggy contained a *"green leafy substance* I believed to be marijuana" and that the baggy "contained stems and seeds and *particles of marijuana."* Furthermore, on cross-examination Officer Green positively stated that he saw *"a green leafy substance"* inside the baggy, and upon review of the actual contents of the baggy presented to him at trial, identified it as containing *"leaf particles,* stems and seeds."

[¶ 12]  Therefore, notwithstanding the fact that the baggy did contain "stems and seeds," the evidence clearly established that the baggy also contained marijuana leaf, which falls directly within the definition of "marijuana." Accordingly, affording the State every favorable inference which may be fairly and reasonably drawn from the evidence, the evidence presented was sufficient for a reasonable jury to find beyond a reasonable doubt that the substance in the baggy was "marijuana."

## Jury Instructions

[¶ 13]  Leyva also argues that the jury instruction defining the term "marijuana" was insufficient because it did not include the statutory language of that term as defined by Wyo. Stat. Ann. § 35–7–1002(a)(xiv). Leyva therefore contends that he was denied due process because the jury was not informed that mature stalks, sterilized seeds, and parts of the plant incapable of germination are excluded from the definition of marijuana. Because defense counsel did not offer

any such instruction or object to the proposed instruction, we review Leyva's claims under the plain error standard.

[¶ 14]  The instruction provided to the jury provided that marijuana is a controlled substance as defined by Wyoming law. Nonetheless, as indicated above, the evidence presented at trial showed that the baggy contained marijuana leaf and thus clearly falls within the statutory definition. Therefore, we hold that the instruction given the jury correctly stated the law, and the entire set of instructions given the jury sufficiently covered the issues that were presented at trial. We also cannot characterize the instruction given the jury defining "marijuana" as confusing or misleading. As such, the district court did not violate a clear and unequivocal rule of law by not instructing the jury in such a manner, nor is Leyva able to show that he was prejudiced. Leyva, accordingly, has not established plain error.[2]

[¶ 15]  Leyva admits in his argument that in a general, run-of-the-mill marijuana case, not involving any seeds or stems, but the actual leaves and buds of marijuana plants, the statutory definition of "marijuana" would not have to be given to the jury. We substantially agree. However, we believe that it is more accurate to state that when it is shown through the evidence that actual leaves and buds of marijuana plants are present, even when seeds and stems are involved, it is not mandatory that the statutory definition of "marijuana" be given to the jury. Common sense dictates this result. Indeed, once it is shown that the marijuana leaf or the bud of the plant is present, "marijuana," as statutorily defined, has been established leaving any exception as delineated within the statute an impossibility.

[¶ 16]  In addition, counsel for Leyva inferred and presented evidence that the baggy contained "seeds and stems" and later argued to the jury that it was illogical for a

2.  The instruction, "marijuana is a controlled substance as defined by Wyoming law," does not comprise a technical definition of marijuana. Rather, it simply provides that marijuana is one of the items designated as an illegal "controlled substance" in Wyoming. Nevertheless, the instruction addressing the elements of the involved charge advised the jury that it was illegal to

possess marijuana, a controlled substance, thereby rendering the entire set of instructions given the jury sufficient in covering the issues that were presented at trial. In any event, it may be advisable to provide the jury with the statutory definition of "marijuana" so as to leave no doubt that the jury was absolutely properly instructed.

person to attempt to sell a "bag of seeds and stems." It is, therefore, unlikely that the jury was misled. Rather, the most probable explanation is that the jury, upon consideration of the actual evidence, merely rejected the argument presented by Leyva.

[¶ 17] Finally, the jury was instructed on the charge of possession of a controlled substance, marijuana, with the intent to deliver. In particular, the jury was instructed that in order to convict Leyva of the charge, it had to find that:

1. On or about the 2nd day of March, 2002

2. In Carbon County, Wyoming

3. The Defendant, Martin David Leyva, Sr.

4. Possessed a controlled substance, marijuana, with intent to deliver it to another person.

Sufficient evidence was presented at trial on each of these elements.

[¶ 18] According to police testifying at trial, Leyva admitted that on March 2, 2002, at the Carbon County, Wyoming, residence of the grandmother and minor child, the baggy containing "green and leafy marijuana with stems and seeds" found in the minor's bedroom was his, and that he had attempted to sell it on previous occasions. Indeed, at trial Leyva specifically testified that he told the police that the baggy and its contents belonged to him. Furthermore, Officer Michael Morris testified that Leyva told him after being arrested at the police station that he "had screwed up," and that "he was trying to make some money, he was trying to bounce to California." Thus, through Leyva's own admissions each of the required elements was established. Accordingly, we hold that no plain error occurred when the district court instructed the jury as it did in this case.

### Ineffective Assistance of Counsel

■ [¶ 19] In *CLC v. State,* 2004 WY 2, ¶ 11, 82 P.3d 1235, ¶ 11 (Wyo.2004) (quoting *Sincock v. State,* 2003 WY 115, ¶¶ 34–35, 76 P.3d 323, ¶¶ 34–35 (Wyo.2003)), we set forth:

In reviewing claims of ineffective assistance of counsel, our paramount consideration is whether, in light of all the circumstances, trial counsels' acts or omissions were outside the wide range of professionally competent assistance. *Gleason v. State,* 2002 WY 161, ¶ 44, 57 P.3d 332, ¶ 44 (Wyo.2002). An appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient. *Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Ordinarily, he must also demonstrate that prejudice resulted. Under this test, the inquiry is whether or not counsel rendered the assistance a reasonably competent attorney would have offered and, if not, whether his failure to do so prejudiced the defense of the case. *Id.* This two-part test, the Strickland test, is the test we normally apply in reviewing ineffectiveness claims, and it is this test that applies to Mr. Sincock's first claim of ineffectiveness.

We examine the conduct of defense counsel in light of all the circumstances in determining whether the identified acts or omissions fall outside the ambit of professionally competent assistance, bearing in mind the function of counsel is to make the adversarial testing process work in every case. *Dickeson v. State,* 843 P.2d 606, 609 (Wyo.1992). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Gleason,* 2002 WY 161, 57 P.3d 332. We do not evaluate the efforts of counsel from a perspective of hindsight but endeavor to reconstruct the circumstances surrounding the challenged conduct and evaluate the professional efforts from the perspective of counsel at the time. *Dickeson,* 843 P.2d at 609. We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment. *Id.* The burden is on the defendant to overcome this presumption that, in light of the circumstances, the challenged action or failure of the attorney might be considered sound trial strategy. *Id.*

[¶ 20]   Leyva contends his defense counsel was ineffective for failing to request that the district court instruct the jury concerning the definition of "marijuana" contained in Wyo. Stat. Ann. § 35–7–1002(a)(xiv).   For those reasons noted above, Leyva's claim of ineffective assistance of counsel is unpersuasive.

### CONCLUSION

[¶ 21]   For the foregoing reasons, Leyva's conviction is affirmed.