2006 WY 135

**David FLOYD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**Nos. 04–168, 04–169.**

Supreme Court of Wyoming.

Oct. 24, 2006.

Representing Appellant: Tonya A. Morse of Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Dee Morgan, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, JJ., and PERRY, D.J.

HILL, Justice.

[¶ 1] Petitioner/Appellant,[1] David Floyd (Floyd), entered a plea of nolo contendere, as provided for in W.R.Cr.P. 11(a)(1)(A), to a charge of escape from official detention in violation of Wyo. Stat. Ann. § 6–5–206(a)(i) (LexisNexis 2005). Judgment and sentence were entered on May 14, 2004. Floyd's plea agreement provided that he could appeal this conviction "solely on the grounds of ineffective assistance of counsel." We will conclude that Floyd did not meet his burden of establishing a claim of ineffective assistance of counsel or that he suffered prejudice as a result of ineffective assistance of counsel. Hence, we affirm.

## ISSUES

[¶ 2] Floyd raises these issues:

---

* Chief Justice at time of expedited conference.

1. Floyd's notice of appeal was not timely filed. As a result, this Court dismissed his appeal but converted the untimely notices of appeal to petitions for writ of review.

I. Whether [Floyd] was denied his constitutional right to a fair trial due to ineffective assistance of counsel.

II. Whether [Floyd's] guilty pleas were involuntary due to ineffective assistance of counsel.

Respondent/Appellee, the State of Wyoming, rephrases those issues thus:

I. Is [Floyd's] conditional [nolo contendere] plea properly before this Court pursuant to W.R.Cr.P. 11(a)(2), and if the Court considers [Floyd's] claim, was he denied his constitutional right to a fair trial due to ineffective assistance of his original trial counsel?

II. Were [Floyd's] pleas given voluntarily?

## FACTS AND PROCEEDINGS

[¶ 3] While a resident of Frontier Correctional Services (FCS), an adult correctional facility in Laramie County, Floyd returned to the facility late from work release. Floyd failed a breath test for alcohol and when he was asked to give a urine sample, he became upset and left the facility. Floyd was apprehended two days later in Washington State, after being involved in a high-speed chase with a Washington state trooper. When apprehended, Floyd was driving a car that had been reported stolen from a Cheyenne convenience store.

[¶ 4] Floyd was charged with felony larceny and escape from official detention.[2] He was assigned an attorney from the Wyoming Public Defender's Office. He was arraigned on October 20, 2003, and scheduled for trial on January 20, 2004.

[¶ 5] On January 6, 2004, an order was entered setting Floyd's cases for re-arraignment on January 26, presumably anticipating a change of plea pursuant to a plea agreement. On January 20, Floyd sent a letter to the court stating that he did not intend to change his plea. On January 23, the court entered an order setting his case for trial on February 17, 2004.

[¶ 6] On January 30, 2004, Floyd asked for a new attorney. A second attorney from the Wyoming Public Defender's Office was assigned to him on February 3. On February 11, Floyd's new attorney filed a motion for a continuance. That motion was denied. On February 12, the district court held a motion hearing at which his attorney indicated that Floyd did not want to accept a plea agreement and asked the court to reconsider his motion for a continuance. The court again denied the motion. On February 13, Floyd appeared in the district court for a change of plea proceeding in which he entered pleas of guilty to the larceny charge and nolo contendere to the escape charge. With respect to the escape charge, Floyd's plea was conditioned on the agreement "that he may appeal this charge solely on the grounds of ineffective assistance of counsel. All other issues of appeal which may be waived are so waived." The pleas were made in accordance with the plea agreement.

[¶ 7] Floyd was sentenced to serve not less than 42 months, nor more than 60 months in the Wyoming State Penitentiary on the larceny charge. He was sentenced to serve not less than 36 months, nor more than 60 months on the escape charge, consecutive to the larceny sentence. However, that sentence was suspended with Floyd serving 4 years on probation consecutive to the larceny sentence instead.

[¶ 8] The district court filed its Judgment and Sentence in both cases on May 14, 2004. Floyd filed a pro se Notice of Appeal on June 17, and his counsel filed a Motion for Leave to File Late Notice of Appeal and Notice of Appeal on July 9. The district court granted Floyd's request to file his late notice of appeal and his case made its way to this Court.

[¶ 9] This Court initially dismissed Floyd's appeals, but after considering a petition for reinstatement, converted the appeals to writs of review. Floyd became dissatisfied with his appellate counsel and, eventually, new appellate counsel was assigned. We now consider the merits of his claim that he

---

2. Floyd entered a guilty plea to the larceny charge, but he did not pursue his appeal from that conviction in this matter. Although this case was assigned two docket numbers, we do not consider any issues that directly relate to Case No. 04–169.

was denied the effective assistance of counsel.

## PREFATORY MATTER

[¶ 10] The State asserts that we should not consider Floyd's contention that his counsel was ineffective because that issue was not preserved as required by W.R.Cr.P. 11(a)(2). That subsection provides:

> (2) Conditional Pleas. With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

[¶ 11] The State contends that Floyd filed no "pretrial motion" that received an "adverse determination" from the district court. We conclude that Rule 11(a)(2) has no application here and that Floyd did not waive his right to challenge whether his trial counsel was ineffective with respect to the voluntariness of his plea of nolo contendere to the escape charge (an arguably non-jurisdictional defect). *Kitzke v. State,* 2002 WY 147, ¶ 9, 55 P.3d 696, 699 (Wyo.2002).

## STANDARD OF REVIEW

[¶ 12] In *Leyva v. State,* 2005 WY 22, ¶ 19, 106 P.3d 873, 878 (Wyo.2005), we set out this summary of the applicable standards to be applied:

> In reviewing claims of ineffective assistance of counsel, our paramount consideration is whether, in light of all the circumstances, trial counsels' acts or omissions were outside the wide range of professionally competent assistance. *Gleason v. State,* 2002 WY 161, ¶ 44, 57 P.3d 332, ¶ 44 (Wyo.2002). An appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient. *Id.* (*citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Ordinarily, he must also demonstrate that prejudice resulted. Under this test, the

inquiry is whether or not counsel rendered the assistance a reasonably competent attorney would have offered and, if not, whether his failure to do so prejudiced the defense of the case. *Id . . . .*

> We examine the conduct of defense counsel in light of all the circumstances in determining whether the identified acts or omissions fall outside the ambit of professionally competent assistance, bearing in mind the function of counsel is to make the adversarial testing process work in every case. *Dickeson v. State,* 843 P.2d 606, 609 (Wyo.1992). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Gleason,* 2002 WY 161, 57 P.3d 332. We do not evaluate the efforts of counsel from a perspective of hindsight but endeavor to reconstruct the circumstances surrounding the challenged conduct and evaluate the professional efforts from the perspective of counsel at the time. *Dickeson,* 843 P.2d at 609. We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment. *Id.* The burden is on the defendant to overcome this presumption that, in light of the circumstances, the challenged action or failure of the attorney might be considered sound trial strategy. *Id.*

Also see *CLC v. State,* 2004 WY 2, ¶ 11, 82 P.3d 1235, 1238–39 (Wyo.2004).

[¶ 13] Moreover, we have trod almost exactly this same ground before:

> With regard to claims of ineffective assistance of counsel occurring prior to the defendant's guilty plea, the only ineffective assistance of counsel claims that survive [a defendant's] guilty pleas are claims directly related to the voluntariness of the pleas entered:

>> [W]here a defendant has entered a guilty plea, he may challenge his subsequent conviction on appeal only with respect to matters which affect the voluntariness of his plea or the subject-matter jurisdiction of the trial court. *Zanetti v.*

*State,* 783 P.2d 134, 137–38 (Wyo.1989). When a guilty plea has been entered upon the advice of counsel, the voluntariness of that plea may depend on the extent to which that advice comports with the constitutional guarantee to the effective assistance of counsel.

*Lower v. State,* 786 P.2d 346, 348–49 (Wyo. 1990) [FN 7]. *See generally Wilson v. State,* 2003 WY 59, 68 P.3d 1181 (Wyo. 2003).

In order to prevail on any claim of ineffective assistance of counsel, a defendant bears the burden to establish both that counsel's performance was deficient and that the deficient performance produced actual prejudice. *Daniel v. State,* 2003 WY 132, ¶ 36, 78 P.3d 205, ¶ 36 (Wyo.2003); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The United States Supreme Court has accepted that the performance of defense counsel can be evaluated in broad terms:

> The principal value of counsel to the accused in a criminal prosecution often does not lie in counsel's ability to recite a list of possible defenses in the abstract, nor in his ability, if time permitted, to amass a large quantum of factual data and inform the defendant of it. Counsel's concern is the faithful representation of the interest of his client, and such representation frequently involves highly practical considerations as well as specialized knowledge of the law. Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution, *see Brady v. United States,* supra, 397 U.S. [742] at 751–752, 90 S.Ct. [1463] at 1470–1471 [25 L.Ed.2d 747 (1970)], or by contesting all guilt, *see Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement, such as unconstitutional grand jury selection procedures, might be factually supported.
>
> *Tollett v. Henderson,* 411 U.S. 258, 267–68, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

To show prejudice, [a defendant] must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty, would have insisted on going to trial, and the results of the trial would have been more advantageous than the results of the plea agreement. This Court has described the circumstances warranting allowing a criminal defendant to withdraw his guilty plea because of ineffective assistance of counsel at length:

> To warrant reversal on his claim of ineffective assistance of counsel, appellant must demonstrate some deficiency in the representation received from his attorney. Counsel must have failed, in light of all circumstances existing at the time of the challenged act or omission, to employ such judgment or to render such assistance as would have been offered by a reasonably competent attorney under like circumstances. In addition, appellant must demonstrate that counsel's deficiency prejudiced the defense of his case. He must demonstrate the existence of a reasonable probability that, absent that deficiency, the result of the proceedings would have been different. Counsel's ineffectiveness must be so serious as to undermine this court's confidence that the outcome was fair. *Laing v. State,* 746 P.2d 1247, 1248–49 (Wyo. 1987); *Gist v. State,* 737 P.2d 336, 342 (Wyo.1987); *Frias v. State,* 722 P.2d 135, 145–47 (Wyo.1986).

When an attorney has allegedly misadvised his client with respect to the entry of a guilty plea, a determination must be made of whether the decision to plead and forego the defense of his case resulted in prejudice to the client. That determination involves two interrelated questions: whether, in the absence of counsel's error, the recommendation of a reasonably competent attorney concerning the plea would differ from that given; and whether, absent the error, the

outcome of a trial would have been more advantageous to the client than the result of his plea. *Hill [v. Lockhart ]*, 474 U.S. [52] at 59–60, 106 S.Ct. [366] at 370–71 [1985][88 L.Ed.2d 203]. The defendant may also establish the necessary prejudice by proof of circumstances indicating that, in deciding whether or not to plead guilty, he placed special emphasis on the challenged aspect of his attorney's advice. He must suggest to the reviewing court a plausible reason why, had his representation been as he claims it should have been, he would have chosen to forsake the benefits of his plea agreement for the risks of trial.

*Lower*, 786 P.2d at 349–50.

The *Lower* court specifically held that one of the elements of prejudice is "whether, absent the error, the outcome of a trial would have been more advantageous to the client than the result of his plea." *Id.* The *Lower* court cited to *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), in support of this contention. We recognize that this Court held in *Brock v. State*, 981 P.2d 465 (Wyo.1999) that, under certain circumstances, "the defendant is not required to demonstrate a probability that the result of the trial would be different, but instead must only demonstrate that there is a reasonable probability that he would not have entered the plea except for the presence of the errors made by counsel." *Id.* at 469. The Brock Court also cited to *Hill* to support its holding.

The *Hill* Court determined that a prejudice analysis was required in the context of withdrawing a guilty plea. Pursuant to *Hill:*

> The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. See, *e.g., Evans v. Meyer*, 742 F.2d 371, 375 (C.A.7 1984) ("It is inconceivable to us ... that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received"). As we explained in *Strickland v.* Washington, supra, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decision maker." *Id.,* 466 U.S. at 695, 104 S.Ct. at 2068.

*Hill,* 474 U.S. at 59–60, 106 S.Ct. at 370–71 (footnote omitted). Reading the entire passage, it is clear that the *Hill* Court was not lessening the prejudice requirements of *Strickland,* but rather simply suggesting ways the *Strickland* standard might apply to guilty plea situations. If a defendant refuses to plead guilty, he ultimately must face trial. Thus, an objective showing of a reasonable probability that, but for the errors made by counsel, a defendant would not have accepted a plea bargain, ultimately rests on whether there is an

objectively reasonable probability that the outcome at trial would have been more advantageous to the defendant. Thus, in reality, *Brock* requires the same analysis as *Lower*. As *Hill* states, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370.

If we conclude that a defendant fails to satisfy the prejudice prong, we need not address the performance of counsel prong:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. This Court, on prior occasions, has determined a claim of ineffective assistance of counsel based upon only the prejudice prong. For example, in *Olsen v. State,* 2003 WY 46, 67 P.3d 536 (Wyo.2003), we assumed that Olsen's counsel rendered deficient legal assistance but reasoned:

> Despite the lack of record, we do not find that the assumption that counsel's performance was deficient leads to the conclusion that the defense was prejudiced. To show that deficient performance prejudiced his defense, the defendant must demonstrate that, when the totality of the circumstances is considered, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.

*Id.* at ¶ 81.

. . . .

The definitive problem with Rutti's ineffective assistance of counsel claims is that he has not presented any objectively plausible argument supporting the prejudice prong. Rutti does not argue that "absent the error, the outcome of a trial would have been more advantageous to the client than the result of his plea." In his affidavit submitted to this Court in support of his motion for partial remand, Rutti does not even make a claim that he would not have accepted the plea agreement had his counsel's performance been different, let alone that the ultimate outcome of the proceedings would have been more favorable to him. While Rutti suggests errors, Rutti makes no allegation of specific prejudice in his affidavit. Even in his brief, Rutti only presents conclusory allegations of prejudice.

Because Rutti has failed to present to this Court serious and specific allegations supporting both prongs of the *Strickland* test for ineffectiveness, there is no support for a remand. The allegations Rutti has presented to this Court, even if true, simply do not support a claim of ineffective assistance of counsel. Further, because this case does not present even a close argument on whether a remand is required, we determine that it is not appropriate for this Court to use this appeal to analyze the remand procedure generally. Thus, we will not further address Issue V as presented by Rutti.

(FN7.) To the extent Rutti requested this Court remand this case for an evidentiary hearing relating to his counsels' alleged deficiencies in not pursuing a possible motion to suppress his confession or pursuing Rutti's right to a speedy trial, such issues were waived by Rutti's guilty

plea. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975). *See generally Davila v. State,* 831 P.2d 204, 206 (Wyo.1992) (examples of non-jurisdictional defects waived by a guilty plea include use of inadmissible evidence (claim of unlawful search and seizure, claim of unlawfully obtained statements); and claim of violation of the right to speedy trial).

*Rutti v. State,* 2004 WY 133, ¶¶ 21–29, 100 P.3d 394, 404–08 (Wyo.2004).

## DISCUSSION

[¶ 14] As suggested by the *Rutti* decision, if we determine that there could be no prejudice, i.e., that the outcome of trial would not have been more advantageous than the benefits of his plea bargain, then we need not evaluate trial counsels' performance in detail. Those are the exact circumstances we detect here. Floyd first contended that his counsel did not investigate the case or prepare for trial, but rather negotiated a plea bargain without Floyd's consent. However, after that event, Floyd asked for and received the assistance of replacement counsel (two attorneys were appointed). He next contended that he complained on February 12, 2004, about the amount of time replacement counsel spent in preparation. However, that transcript also reveals that the matter was resolved, and it was agreed that any issue in that regard would be broached at another hearing to be held on February 13, 2004. At the February 13th hearing the matter was not further pursued.

[¶ 15] At his pretrial hearing, Floyd complained that he was not aware of the evidence against him. At least with respect to the escape charge, such a contention is a nonstarter. Floyd was supposed to be at FCS in Cheyenne but was arrested in Washington State driving a stolen car—that was the gravamen of the charge against him. Floyd continues his argument by speculating about what evidence there "might have been" but does not suggest the existence of any such evidence. So far as prejudice is concerned, Floyd's argument simply fails, and that is dispositive of this appeal.

## CONCLUSION

[¶ 16] We conclude that Floyd has failed to demonstrate that he suffered prejudice from any shortcomings in counsels' performance. The judgment and sentence of the district court are, therefore, affirmed.