2012 WY 105

**Julie Ann JACOBSEN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0120.**

Supreme Court of Wyoming.

Aug. 1, 2012.

---

**357**

Representing Appellant: Robert W. Southard, Laramie, Wyoming.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeffrey Pope, Assistant Attorney General. Argument by Mr. Pope.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] A jury found Julie Ann Jacobsen guilty of ten felony counts involving forgery and larceny. She appeals the convictions, claiming her trial counsel was ineffective. She also asks this Court to allow her to supplement the trial record in order to prove her ineffective assistance claim. We decline Ms. Jacobsen's request to supplement the record and affirm her convictions.

### ISSUES

[¶ 2] Ms. Jacobsen presents two issues for this Court's consideration:

*Issue One:* Did defense counsel fail to investigate this case, obtain documents and witnesses, including an expert, and therefore deny Ms. Jacobsen effective assistance of counsel?

*Issue Two:* Will this court effectively deny Ms. Jacobsen the right to due process and a meaningful appeal by denying her the opportunity to supplement the trial record in her attempt to prove her appellate claim of ineffective assistance of trial counsel?

Addressing Ms. Jacobsen's first issue, the State asserts Ms. Jacobsen received effective assistance of counsel and, in any event, the evidence against her was so overwhelming that she was not prejudiced by any ineffectiveness. Addressing her second issue, the State contends this Court properly denied Ms. Jacobsen's previous motion requesting a partial remand to supplement the record and should not reconsider that ruling.

### FACTS

[¶ 3] The Fox Park Homeowner's Association and Fox Park Improvement District (Fox Park) were created by residents of a mobile home park in Gillette, Wyoming, to

oversee and maintain common areas and provide for utilities and other services within the park, ensure compliance with the covenants and collect member dues. In 1989, Fox Park contracted with Better Bookkeeping and Accounting, a business Ms. Jacobsen operated, to perform bookkeeping and manage its day-to-day business operations. Under the terms of the contract, Ms. Jacobsen was to be paid $1,500 a month for her services, plus expenses.

[¶ 4] In 2003, Fox Park began receiving telephone calls from vendors indicating they had not been paid for services they had provided. Fox Park checked its bank accounts (an operating account and a money market account) and discovered that money had been transferred to a third account about which it knew nothing. Further investigation revealed the account had been opened in 1996 and Ms. Jacobsen was a signatory on the account. Review of the account statements showed that checks to Fox Park from homeowners had been deposited into that account rather than into the Fox Park operating account; money had been transferred into the account from Fox Park's money market account; checks from the county treasurer and the State that should have been deposited into the money market account had been deposited into the third account; and Ms. Jacobsen had written and signed checks totaling over $69,000 on the account to various people and entities, including herself, Better Bookkeeping, her husband, her daughter and a jeweler.

[¶ 5] Fox Park contacted the Campbell County Sheriff's Department which began an investigation. The investigation revealed that, in addition to the creation of a third account in its name, loans for thousands of dollars had been obtained under Fox Park's name with forged signatures and without its knowledge or authorization. Also, charge accounts had been opened in Fox Park's name at an auto supply store, office supply store and pro shop. Invoices for charges on the accounts had been signed by Ms. Jacobsen's daughter and her boyfriend and by Ms. Jacobsen's husband.

[¶ 6] The State charged Ms. Jacobsen with eleven felonies: five counts of forgery in violation of Wyo. Stat. Ann. § 6–3–602(a)(ii) and (b) (LexisNexis 2011), four counts of uttering forgery in violation of Wyo. Stat. Ann. § 6–3–602(a)(iii) and (b), one count of larceny by bailee in violation of Wyo. Stat. Ann. § 6–3–402(b) and (c)(i) (LexisNexis 2011) and one count of conspiracy to commit larceny by bailee in violation of §§ 6–1–303(a) (LexisNexis 2011), 6–1–304 (LexisNexis 2011) and 6–3–402(b) and (c)(i). The State later amended the information to charge four rather than five counts of forgery. The district court convened a jury trial and, on the fifth day of trial, the jury found Ms. Jacobsen guilty on each of the ten counts.

[¶ 7] The district court sentenced Ms. Jacobsen to serve six to ten years on each count of forgery, uttering forgery, larceny by bailee and conspiracy. The district court imposed consecutive sentences on the forgery, larceny by bailee and conspiracy convictions and ordered the sentences for uttering forgery to run concurrently with the corresponding forgery sentence. Ms. Jacobsen timely appealed from the judgment and sentence.

[¶ 8] Prior to submitting her brief in this Court, Ms. Jacobsen filed a motion pursuant to W.R.A.P. 21 and *Calene v. State*, 846 P.2d 679 (Wyo.1993) requesting a partial remand to the district court for a hearing on her claim that she received ineffective assistance of counsel at trial. In her motion, Ms. Jacobsen claimed trial counsel was ineffective in failing to retain an expert witness, investigate, and seek out and prepare witnesses on her behalf. This Court denied the motion, concluding that Ms. Jacobsen had failed to show, "in a nonspeculative manner, how a more thorough investigation or the hiring of an expert would have helped her in the presentation of her trial defense."

## STANDARD OF REVIEW

[¶ 9] Ms. Jacobsen claims this Court's denial of her motion for partial remand resulted in the denial of her constitutional right to due process. We review constitutional claims *de novo*. *Tucker v. State*, 2009 WY 107, ¶ 11, 214 P.3d 236, 240 (Wyo. 2009). She also claims her trial counsel was

ineffective. Claims of ineffective assistance of counsel involve mixed questions of law and fact; consequently, our review of Ms. Jacobsen's second claim is also *de novo*. *Ken v. State*, 2011 WY 167, ¶ 27, 267 P.3d 567, 574 (Wyo.2011).

## DISCUSSION

### 1. Remand

[¶ 10] We begin by addressing Ms. Jacobsen's request to supplement the record. She in essence asks us to reconsider our order denying her motion for remand to the district court for a hearing on her ineffectiveness claim. She frames the issue as one involving a denial of her right to due process. We hold as a matter of law that her due process right was not impinged and decline to reconsider our ruling on her motion for remand.

[¶ 11] W.R.A.P. 21 provides for a remand to the district court for an evidentiary hearing on a claim of ineffective assistance *only if*

> the motion is accompanied by affidavits containing nonspeculative allegations of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel's representation was deficient and prejudiced the appellant.

An evidentiary hearing is only appropriate when serious and specific allegations of legal ineffectiveness are sufficiently stated and documented to show a real and substantial issue. *Rutti v. State*, 2004 WY 133, ¶ 27, 100 P.3d 394, 407 (Wyo.2004), citing *Calene*, 846 P.2d at 687, 693. A substantial issue regarding ineffective assistance of counsel exists only when serious and specific allegations are presented supporting both prongs of the *Strickland* test for ineffectiveness.

[¶ 12] In *Calene*, this Court applied these criteria to determine that the defendant's allegations of ineffectiveness were sufficiently serious and specific to show a real issue requiring remand to the district court for an evidentiary hearing. Mr. Calene had been convicted of several offenses involving a stolen vehicle. His defense was that he did not know the vehicle was stolen. After his conviction, he asserted his trial counsel was ineffective because he had failed to investigate four witnesses who would have testified that he did not know the vehicle was stolen or provided testimony impeaching the State's key witness. Mr. Calene specifically identified the witnesses and what their testimony would have been.

[¶ 13] In her motion for remand, Ms. Jacobsen asserted her trial counsel was ineffective in failing to investigate and discover documents and witnesses, including an expert, to support her defense that she was authorized to take the actions she took. She further asserted her trial counsel's consumption of alcohol impaired his ability to represent her. Unlike Mr. Calene, however, Ms. Jacobsen did not identify any specific exonerating document or witness that counsel would have discovered had he performed a more thorough investigation, hired an expert or been unimpaired. Instead she asserted only generally that he failed to adequately investigate and if he had investigated he would have discovered somewhere in the fifteen years of financial records some witness or document supporting her defense. Absent the identification of a specific witness and the substance of his or her testimony or a document that would have shown she had the authority to take the actions she took, Ms. Jacobsen's assertion that counsel's failure to investigate constituted deficient performance and prejudiced her defense amounted to speculation. She did not, therefore, satisfy the requirements of W.R.A.P. 21 and she was not entitled to a remand.

### 2. Ineffective Assistance of Counsel

[¶ 14] Ms. Jacobsen maintains her trial counsel was ineffective in failing to investigate and discover witnesses and/or documents supporting her defense that she was authorized to take the actions she took. Her ineffectiveness claim fails for the same reason she was not entitled to a remand. Even assuming her counsel's investigation was deficient, Ms. Jacobsen has not shown that evidence existed supporting her defense such that the deficient investigation prejudiced her.

[¶ 15] To prevail on a claim of ineffective assistance of counsel, a defendant

must first establish that trial counsel's performance was deficient. *Ken,* ¶ 27, 267 P.3d at 574, citing *Sanchez v. State,* 2011 WY 77, ¶ 40, 253 P.3d 136, 147 (Wyo.2011); *Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This requires a showing that counsel failed to render such assistance as would have been offered by a reasonably competent attorney. *Id.* Assuming a successful showing that counsel's performance was deficient, a defendant must also show the deficient performance prejudiced the defense. *Id.* That is, a defendant must show a reasonable probability exists that, but for counsel's deficient performance, the outcome would have been different. *Id.* In order to prevail on an ineffectiveness claim, a defendant must prove both deficient performance and prejudice. The failure to make the required showing of either deficient performance or prejudice will result in a finding that counsel was not ineffective. *Id.*

[¶ 16] The law is well-settled that counsel has a duty to make reasonable investigations or to make a reasonable decision that a particular investigation is unnecessary. *Peterson v. State,* 2012 WY 17, ¶ 17, 270 P.3d 648, 654 (Wyo.2012). In order to show that a failure to investigate amounted to ineffective assistance, an appellant must identify the favorable evidence or witnesses that additional investigation would have revealed. *Brock v. State,* 2012 WY 13, ¶ 17, 272 P.3d 933, 938 (Wyo.2012), quoting *Asch v. State,* 2003 WY 18, ¶ 40, 62 P.3d 945, 958–59 (Wyo.2003).

[¶ 17] Ms. Jacobsen has failed to identify any witness undiscovered by her trial counsel who would have testified that Fox Park gave her the authority to take the actions she took. She also has not identified any document that would have shown she had that authority. Although she asserts counsel failed to obtain the accounting records she kept for Fox Park, including a computer, accounting software and stored data, she does not point to any specific document among those records that would have shown she had the authority to take the actions she took. Instead, she asserts broadly that she had the authority and if trial counsel had investigated he would have found somewhere among the fifteen years of financial records some document evidencing that authority. She also asserts that if counsel had investigated and discovered fifteen years of cancelled checks signed exclusively by her that would have shown her implied authority. The latter assertion is pure speculation. Absent identification of a specific witness or document supporting her defense, Ms. Jacobsen cannot show a reasonable probability that but for the inadequate investigation the outcome would have been different.

[¶ 18] In addition to her own affidavit, Ms. Jacobsen submitted the affidavit of a certified public accountant outlining the investigation an expert witness should or would have undertaken had defense counsel retained one. Although the affidavit details what an expert would have done, it suffers from the same lack of specificity as Ms. Jacobsen's affidavit in that it does not identify any witness or document showing that Fox Park authorized her to sign financial documents on its behalf or owed the money she paid to herself and others. To succeed on her ineffectiveness claim, it is not enough for Ms. Jacobsen to show that counsel should have investigated further or hired an expert to do so; she must show that but for counsel's failure to do so a reasonable probability exists that the outcome would have been different. She cannot make that showing without identifying evidence that had a reasonable probability of causing the jury to believe the actions she took were authorized. She has identified no such evidence. Ms. Jacobsen has failed to satisfy the prejudice prong of the ineffectiveness test; consequently, we need not address the question of whether counsel's performance was deficient. *Bear Cloud v. State,* 2012 WY 16, ¶ 43, 275 P.3d 377, 395 (Wyo.2012), quoting *Floyd v. State,* 2006 WY 135, ¶ 13, 144 P.3d 1233, 1238 (Wyo.2006).

[¶ 19] Affirmed.